[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO CITE IN JOHN DOE
By motion dated August 6, 1995, the defendant, pursuant toSection 52-102 of the General Statutes and Practice Book Section103, moves to cite in John Doe as a party defendant. Plaintiff opposes the motion.
In its complaint, plaintiff claims to have been injured as a result of an automobile accident caused by the negligence of the defendant. The defendant, in turn, claims that the negligence of the operator of an unidentified tractor trailer truck was the proximate cause of the accident, and seeks to cite in said operator so that liability may be apportioned among each of the responsible parties pursuant to Section 52-572h of theGeneral Statutes; that is, the defendant seeks to cite in the John Doe for apportionment purposes only.
Plaintiff, in its brief in opposition, cites the general rule in Connecticut opposing lawsuits against unknown persons,Farmers and Mechanics Bank v. Nellis, 8 Conn. L. Rptr. 105
(January 25, 1992) (Higgins, J); the lack of statutory authority for such suits as opposed to jurisdictions which specifically permit them, Cuomo v. Yale-New Haven Hospital,7 Conn. L. Rptr. 159 (August 31, 1992) (Gordon, J.); and additional problems at trial created by the absence of the unidentified defendant.
Defendant, in support of its motion, cites the general trend of Connecticut courts to allow a defendant to cite in an additional defendant for apportionment purposes only, even where said additional defendant might be beyond the reach of the plaintiff for the purpose of recovery of damages. See Baker v.Franco, 7 Conn. L. Rptr. 622 (1992) (Fuller, J.). Furthermore, as a case in point, defendant cites Gallagher-Crespov. Storz, 14 Conn. L. Rptr No. 2, 64 (May 29, 1995) in which the court, Fracasse, J., under circumstances very similar to the case at bar, granted a motion to cite in a John Doe defendant for apportionment purposes only, noting, at p. 65, that "the general rule should not apply to an unidentified person designated a `party' for apportionment purposes only because there can be no judgment for or against that `party.' This decision was based in large measure on the court's CT Page 12114 perception of the legislative policy behind Tort Reform II; that is, to hold parties liable only for their proportionate share of the damages. See Section 52-572h(c) of the General Statutes.
On the other hand, Tort Reform II was enacted to modifyTort Reform I by limiting the universe of possible negligent persons whose actions were a proximate cause of the damages, from any person who might have been at fault to only those individuals who were parties to the legal action or specifically identified in Section 52-572h(n); thus, avoiding the situation where a jury finds the negligence of a nonparty to be a proximate cause of the damages. See Donner v. Kearse, 234 Conn. 660,667-669 (1995). Arguably, allowing unidentified parties for apportionment purposes would frustrate the policy behind this modification. "The problems of existing defendant's blaming others, not always clearly identified, certainly not defended by counsel and based on open ended claims of negligence, was sufficiently obvious that the law was changed to allow allocation of negligence only among parties to the action." Baker v. Franco, supra, p. 623.
In weighing and balancing these conflicting interests, it is important to note No. 95-111 of the 1995 Public Acts which applies to civil actions filed on or after July 1, 1995, and which provides the means by which a defendant may add a person alleged to be liable pursuant to Section 52-572h on or after said date. In fact, pursuant to Section 1(f) of the act and subject to said effective date, the act provides the exclusive
means for such an addition. This act includes a procedure requiring an "apportionment complaint" to be served upon an "apportionment defendant" who then becomes a party "for all purposes" under Section 52-572h, with substantially the same rights and remedies available to any defendant in a personal injury action. The terms of this act would clearly preclude citing in a John Doe defendant for apportionment purposes only.
Though the act took effect after the filing of plaintiff's complaint, it evinces the legislature's intended resolution of issues related to citing in additional defendants pursuant toSection 52-572h, and is consistent with plaintiff's position.
Absent statutory authority or Connecticut Appellate or Supreme Court support for defendant's motion predating the effective date of the public act, it makes little sense to resolve this matter in a manner inconsistent with the future CT Page 12115 resolution of similar issues as dictated by that legislative enactment.
The motion to cite in John Doe is denied.