[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPORTIONMENT DEFENDANTS' MOTION TO DISMISS
The apportionment defendants, Jeremiah Shea and Hudson Liquid Asphalt, bring this motion to dismiss the apportionment complaint brought by defendants, Kimberly S. Thompson and David D. Thompson, Jr., on the ground that the court lacks subject matter jurisdiction because the defendants failed to comply withPublic Act 95-111, which provides the exclusive means by which persons may be added to a lawsuit for apportionment of liability.
DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in the original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert: (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadlowski v. Manchester, 235 Conn. 637, 645-46
n. 13, 668 A.2d 1314 (1995).
The court agrees with the apportionment defendants thatPublic Act 95-111 provides the exclusive means by which persons may be added to a lawsuit for apportionment of liability. Public Act 95-111, provides, in relevant part, that "[a] defendant in any civil action to which section 52-572h
of the general statutes applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek apportionment of liability. . . . The apportionment complaint shall be equivalent in all respects to an original writ, summons and complaint, except that it shall include the docket number assigned to the original action. . . ." Public Acts 1995, No. 95-111, § 1(a), (b) (P.A. 95-111).Public Act 95-111 further provides that "the section shall be the exclusive means by which a defendant may add a person who is or may be liable [for a proportion of the plaintiff's damages] pursuant to 52-572h." P.A. 95-111, § 1(f).
"`The purpose of statutory construction is to give effect to the intended purpose of the legislature. . . . If the language of a statute is plain and unambiguous, we need look no further than the words actually used because we assume that the language expresses the legislature's intent.'" Stroud v.CT Page 9838Pfeffer, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324804 (April 1, 1996, Ballen J.,16 Conn. L. Rptr. 403, 404), quoting State v. DeFrancesco,235 Conn. 426, 435, 668 A.2d 348 (1995). "The express language ofPublic Act 95-111 dictates that the procedure set out in the act is to be the exclusive means to cite in a party for apportionment purposes." Id. See also DeLaurentis v.Gervais, Superior Court, judicial district of Waterbury, Docket No. 124011 (October 17, 1995, Fasano, J.,15 Conn. L. Rptr. 253).
The court finds that the defendants substantially complied with the requirements of Public Act 95-111 in serving the writ, summons and complaint upon persons not parties to the original action, who are or may be, liable for a proportionate share of the plaintiff's damages. Accordingly, the apportionment defendants' motion to dismiss is denied.
CONCLUSION
The apportionment defendants' motion to dismiss is denied because the defendants substantially complied with the requirements for bringing in parties who are, or may be, liable for a proportionate share of the plaintiff's damages, pursuant to Public Act 95-111.
Booth, J.