[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE MOTION TO STRIKE
By way of a two-count complaint filed on October 5, 1995, the plaintiffs, Moya and Vido Hill, brought suit against the defendant, Pathmark Stores, Inc. (hereinafter "Pathmark"), seeking damages for injuries sustained as the result of a slip and fall that occurred on January 21, 1994, on its premises. On March 21, 1996, Pathmark moved, pursuant to §§ 52-102 and52-572h of the General Statutes to implead FD Janitorial Service as a third party defendant (hereinafter "third party defendant"). On April 22, 1996, that motion was granted by the court, Fasano, J.,
and subsequently a third party complaint was served on May 19, 1996. The third party complaint consisted of a first count sounding in indemnification and a second count seeking apportionment of liability. On July 1, 1996, the third party defendant filed a motion to strike the second count of the third party complaint. Pathmark then filed a memorandum in opposition of the same. The motion presently before the court is the third party defendant's motion to strike the second count of the third party complaint, which seeks apportionment of liability.
The motion to strike is appropriate when challenging the legal sufficiency of the allegations of any complaint to state a CT Page 865 claim upon which relief can be granted. Practice Book § 152;Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). When ruling on a motion to strike, the court is limited and may only rely on the facts alleged in the complaint. Novametrix MedicalSystems, Inc. v. BOC Group, Inc, 224 Conn. 210, 215, 618 A.2d 25
(1992); Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). The motion to strike admits all facts well pleaded; R.K. Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 383, 650 A.2d 153 (1994); and if such facts would support a defense or a cause of action, the motion to strike must fail.Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). The facts alleged in the complaint are to be construed by the trial court in the most favorable way for the plaintiff. NovametrixMedical Systems, Inc. v. BOC Group, Inc, supra, 224 Conn. 215;Amodio v. Cunningham, 182 Conn. 80, 82, 438 A.2d 6 (1980).
The third party defendant's claim is that the second count of the third party complaint is improper because Pathmark used the wrong procedural vehicle to bring the third party defendant in as a party for apportionment purposes. Specifically, the third party defendant claims that the sole means of adding a party to an action for apportionment purposes is pursuant to Public Act 95-111 (hereinafter "95-111") which requires, inter alia, that an apportionment complaint must be served on the third party defendant within 120 days of the return date specified in the plaintiff's original complaint.[1] In the present case it is undisputed that Pathmark failed to adhere to the 120 day requirement of 95-111.[2]
In its memorandum in opposition, Pathmark admits that 95-111 is the sole means of adding a party to an action for apportionment purposes, but argues that such is the case only if a third party defendant is being brought in solely for apportionment purposes and for no other reason.[3] Pathmark claims that since it is seeking both apportionment and indemnification, it properly impleaded the third party defendant under §52-102 of the General Statutes. Although there is no case law that specifically addresses this issue, Pathmark argues that it would be "judicially inefficient to require a defendant seeking indemnification and apportionment against a third party to file both a motion to join a party defendant and a supporting memorandum of law, as well as serving a writ, summons and complaint upon the same party."
Section 2 of 95-111 specifically states that the "act shall CT Page 866 take effect July 1, 1995, and shall be applicable to any civil action filed on or after said date." Public Acts 1995, No. 95-111, § 2. Since the present action was commenced on October 5, 1995, there is no dispute as to the fact that at the time the action was commenced 95-111 was in full force. The only question that this court must address, therefore, is whether or not 95-111 is the exclusive means of adding a party to an action for apportionment purposes, where more than just apportionment is being sought by the original defendant.
Pathmark's contention would in essence allow any defendant to circumvent the one hundred twenty day requirement of 95-111 simply by combining an apportionment claim with any other claim it could possibly set forth. See Public Acts 1995, No. 95-111, § 1.
Where the language of a statute is plain and unambiguous, the intent of the legislature must be derived from that language.State v. Assuntino, 180 Conn. 345, 350, 429 A.2d 900 (1980). The language of 95-111 is plain and unambiguous and unequivocally dictates that the procedure set out in the act is to be the exclusive means to cite in a party for apportionment purposes. See DeLaurentis v. Gervais, Superior Court, judicial district of Waterbury, Docket No. 124011 (October 17, 1995, Fasano, J.,15 Conn. L. Rptr. 253).
Furthermore, the scope of a statute is to be determined by reference to the language actually used in the legislation.Vaillancourt v. New Britain Machine/Litton, 224 Conn. 382, 391,618 A.2d 1340 (1993); Caltabiano v. Planning Zoning Commission,211 Conn. 662, 666, 560 A.2d 975 (1989). Adjudicators may not substitute their own ideas of what might have been a wise provision by engrafting exceptions that the legislature did not actually enact; Barrett Builders v. Miller, 215 Conn. 316, 328,576 A.2d 455 (1990); nor may they engraft language on to legislation. Zapata v. Burns, 207 Conn. 496, 503-04, 542 A.2d 700
(1988). The language of 95-111 simply does not expressly or implicitly limit its applicability to instances where a third party defendant is being brought in solely for apportionment purposes.
Absent case law or legislative intent to the contrary, 95-111 clearly mandates that it is the sole means by which a defendant may add a person who is or may be liable pursuant to section52-572h of the general statutes for a proportionate share of the CT Page 867 plaintiff's damages as a party to the action. Therefore, Public Act 95-111 is the sole means of adding a party to an action for apportionment purposes regardless of whether indemnification is also being sought by the third party plaintiff. In the present case, since the defendant failed to satisfy the requirements of 95-111 by not serving the third party defendant within 120 days of the return date of the plaintiff's original complaint, the court accordingly grants the third party defendant's motion to strike the second count of the defendant's third party complaint.
CHARLES D. GILL, J.