[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 119)
The plaintiff, Brian Bodell, filed a two-count revised complaint against the defendant, Robert Schmidt, on May 14, 1998.[1] The plaintiff alleges that on or about July 14, 1997, the defendant pulled his motor vehicle out from a stop sign on Judges Hollow Road in Fairfield, Connecticut and collided with the plaintiff's motor vehicle, injuring the plaintiff. On August 5, 1998, Schmidt filed an apportionment complaint against Christine Taylor, alleging that Taylor, who owned the property on the north side of the subject stop sign, had allowed an overgrowth of trees, bushes and foliage to obscure the view of stopped motorists.[2]
Taylor moves to strike the apportionment complaint on the ground that it was served beyond one hundred twenty days from the return date of the original complaint as required pursuant to General Statutes § 52-102b(a).[3] Schmidt filed a memorandum in opposition to the motion to strike the apportionment complaint, arguing that the one hundred twenty day period has been more liberally construed simply as a four month rule, and therefore the apportionment complaint is timely.
Schmidt's argument in opposition to the motion to strike his apportionment complaint is based on Hill v. Pathmark StoresInc., Superior Court, judicial district of Waterbury, Docket No. 129120 (February 11, 1997, Gill, J.) (19 Conn. L. Rptr. 108). In Hill, however, the court granted the motion to strike the apportionment complaint on the same ground advanced by Taylor here.[4] Id., 109. As a statutorily enacted period of CT Page 1124 limitation, the one hundred twenty day period from the filing of the original complaint for filing the apportionment complaint has been strictly applied. See McDuff v. Tamborlane, Superior Court, judicial district of New London at New London, Docket No. 540767 (January 6, 1998, Martin, J.); Winiarski v. Hall, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 566277 (December 19, 1997, Wagner, J.) (21 Conn. L. Rptr. 514);Witkin v. Schettino, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 149015 (April 1, 1997,D'Andrea, J.) (19 Conn. L. Rptr. 226); St. Paul Fire MarineIns. v. Genesee Management, Inc., Superior Court, judicial district of Danbury, Docket No. 322290 (June 4, 1996, Leheny,J.); Stroud v. Pfeffer, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324804 (April 1, 1996,Ballen, J.) (16 Conn. L. Rptr. 403).
The parties here do not dispute the fact that July 30, 1998, falls one hundred twenty-one days after March 31, 1998. Schmidt's argument that the one hundred twenty day period in §52-102b(a) is to be interpreted as a four month rule is not supported by case law. Therefore, Taylor's motion to strike the apportionment complaint is granted.
SKOLNICK, J.