402 A.2d 1180.

ALICE CAPARCO, *p.p.a.* REBECCA CAPARCO, AND
ALICE CAPARCO *vs.* KEVIN LAMBERT.

JUNE 22, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

PER CURIAM.  The plaintiffs are appealing an adverse Superior Court jury verdict in a civil action. Following the plaintiffs' timely appeal, the defendant made a motion to affirm the judgment of the Superior Court pursuant to Supreme Court Rule 16(g). The case is before us following our February 22, 1979 order directing the plaintiffs to appear and show cause why the motion should not be granted.

The record discloses that on September 16, 1976, Alice Caparco's 4½ year-old daughter, Rebecca, entered defendant's vehicle while it was parked at his home. Rebecca, who was found competent to testify at trial, stated that while seated in the driver's seat, she released the emergency brake and attempted to turn the steering wheel. When the steering wheel failed to respond, she moved to the passenger side of the vehicle, opened the door and jumped out. Unfortunately, Rebecca fell on her back and the rear tire rolled over her right leg and caused numerous injuries. There were no witnesses to the accident.

In the Superior Court, Mrs. Caparco brought a two-count amended complaint as parent and next friend of Rebecca. Count I sought recovery for injuries suffered by Rebecca, and Count II sought damages for defendant's negligent infliction of emotional distress upon Mrs. Caparco. During the trial, the trial justice dismissed Count II of the amended complaint. The jury later determined that defendant was free of negligence and returned a verdict in his favor on Count I.

The plaintiffs allege that the trial justice erred in dismissing Count II of the amended complaint. In that count,

plaintiffs argue that they alleged a legally sufficient cause of action based upon defendant's negligent infliction of emotional distress in light of this court's holding in *D'Ambra* v. *United States*, 114 R.I. 643, 338 A.2d 524 (1975). Thus, plaintiffs conclude that Mrs. Caparco was entitled to recover damages because she witnessed Rebecca's injuries.

In dismissing the second count, the trial justice acknowledged that the alleged cause of action was controlled by *D'Ambra*. The trial justice noted, however, that unlike the situation in that case, where the mother witnessed her child's injury, in the instant case, Mrs. Caparco did not witness Rebecca's accident. As a result, the trial justice refused to extend our holding in *D'Ambra*, to allow recovery for emotional distress to the present situation. On this record we find no error in that decision.

The plaintiffs' remaining arguments alleged errors by the trial justice regarding requested jury instructions. The plaintiffs initially argue that the trial justice erred in failing to instruct the jury regarding the "trespassing child doctrine" as discussed in *Haddad* v. *First National Stores, Inc.*, 109 R.I. 59, 61-65, 280 A.2d 93, 95-97 (1971). We note, however, that plaintiffs neither presented a request to charge on this doctrine nor took an exception to the charge as given. *Colgan* v. *United Electric Railways*, 65 R.I. 60, 73, 13 A.2d 385, 391 (1940). Under these circumstances, the failure of the trial justice to give a charge encompassing the trespassing child doctrine was not error, and plaintiffs will not be allowed to raise this issue for the first time on appeal. *Clifford* v. *Tucker*, 95 R.I. 351, 356, 187 A.2d 130, 133 (1963).

The plaintiffs also argue that the trial justice erred when she failed to use their requested instruction regarding G.L. 1956 (1968 Reenactment) §31-22-1.[1] It is well established in

[1]At the time the alleged cause of action arose, G.L. 1956 (1968 Reenactment) §31-22-1 read as follows:

"No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key, and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highway."

this jurisdiction that when a request to charge a jury is fairly covered by the general charge, refusal to grant the request is not reversible error. *Dixon* v. *Royal Cab, Inc.*, 121 R.I. 110, 119, 396 A.2d 930, 935 (1979). After reading the entire instruction, we are of the opinion that the charge as given substantially covered the language of the statute, and we therefore find no error.

The plaintiffs next allege that the trial justice erred in failing to rule as a matter of law and instruct the jury that Rebecca was incapable of negligent conduct because of her age. We have stated on numerous occasions that the standard of ordinary care as applied to children of tender years is only that degree of care which children of the same age, education, and experience would be expected to exercise in similar circumstances and that whether the minor plaintiff exercised due care conformable to the standard in such cases was a question of fact for the jury. *Fontaine* v. *Devonis*, 114 R.I. 541, 545, 336 A.2d 847, 851 (1975); *Rosenthal* v. *United Electric Railways*, 79 R.I. 11, 15, 82 A.2d 830, 832 (1951). We are of the opinion that the trial justice's instruction properly stated the law on this issue and we find no error in that portion of her charge.

We have reviewed the plaintiffs' remaining requests for instructions in light of the trial justice's entire charge given to the jury. It is our opinion that the charge as given substantially conforms to the remaining instructions requested, and the trial justice's refusal to give the instructions was not reversible error. *Dixon* v. *Royal Cab, Inc.*, 121 R.I. at 119, 396 A.2d at 935.

Accordingly, the defendant's motion to affirm is granted, the plaintiffs' appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Resmini, Fornaro, Colagiovanni & Angell, Dennis J. Tente,* for plaintiffs.

*Paul A Lietar,* for defendant.