Gene MAZZAROPPI

v.

David TOCCO.

86–76–Appeal.

Supreme Court of Rhode Island.

Nov. 12, 1987.

John Kelly, Cranston, for plaintiff.

Richard Petrocelli, David M. Campbell, Visconti & Petrocelli, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on cross-appeals by both the defendant and the plaintiff from a judgment entered in the Superior Court pursuant to a civil action that had been brought by the plaintiff for assault and battery. We deny the appeals of both parties and affirm the judgment and rulings of the trial justice. The facts of the case insofar as pertinent to this appeal are as follows.

On September 3, 1978, Gene Mazzaroppi (plaintiff), was operating a motorcycle on Hartford Avenue in Johnston. The plaintiff was accompanied by three friends. As he passed a parking lot, he noted a Johnston police cruiser, which proceeded onto the highway, passed the motorcycle group, and then slowed down. As the vehicles passed the Providence/Johnston line, plaintiff continued even though he noted that the Johnston police cruiser was flashing its red roof lights. The plaintiff decided not to pull over because he believed he had committed no traffic violation in Johnston.

He accelerated to about fifty-five miles per hour, and the Johnston cruiser continued in pursuit. As he neared Cleveland Street in Providence, plaintiff observed a Providence police cruiser following him. As he turned onto Cleveland Street, he saw a Providence police van coming toward him from the opposite direction. He attempted to avoid colliding with the van and swerved onto the sidewalk by jumping the curb. However, the van also mounted the sidewalk, striking plaintiff in the left leg and

causing him to be thrown from the motorcycle and to land on his left arm.

At this point, according to plaintiff, two Providence police officers picked him up, and while he was being held by the Providence police officers, the Johnston police officer (later identified as defendant, David Tocco) struck him over the head approximately four times with an instrument that appeared to be "a billy club or flashlight or pipe." Three citizens corroborated plaintiff's testimony that he had been struck on the head a number of times by one of the officers. These three witnesses identified the assailant as a Johnston police officer. The two Providence police officers who were present at the scene denied that defendant had struck plaintiff with any instrument and also denied that they had held plaintiff while any such assault was taking place.

It is undisputed that plaintiff was not wearing a helmet and that he was taken from the scene to Roger Williams Hospital and was later transferred to Rhode Island Hospital from which he was discharged October 14, 1978. The plaintiff testified extensively concerning his head injuries and the sequelae thereof but presented no medical expert to connect these injuries to the alleged assault as opposed to attributing them to the traumatic effect of being struck by the van and thence falling from the motorcycle.

Although hospital records were presented from Roger Williams and Rhode Island Hospitals, the trial justice would not admit them as full exhibits in the absence of expert testimony, which would be necessary to establish a foundation of relevance.

Consequently, the trial justice instructed the jury that it could only award plaintiff nominal damages of $1 as compensation for his injuries in the absence of any medical evidence relating to the nature and extent of such injuries. He also instructed the jurors that punitive damages might be awarded if the wrongful act was "done with malice or in such a reckless and wanton manner as to amount to malice." He further instructed the jurors that the award of punitive damages was within the area of their discretion. Following the charge, the sole objection raised by defense counsel was the failure to instruct with sufficient clarity that there could be no compensatory award in the form of punitive damages on the basis of plaintiff's injuries. Thereupon, the trial justice gave a supplementary instruction reemphasizing that there could be no compensatory award save nominal damages. He also admonished the jurors that they could not "make up in punitive damages what you do not award as compensatory damages. You may not consider pain and suffering; you may not consider loss of earnings; you may not consider medical expenses and the like."

At the conclusion of this instruction counsel for the defendant made no further objection to the charge and simply renewed his earlier motion for directed verdict and to pass the case. The plaintiff objected to the supplemental instruction, but that objection is not pertinent to this appeal.

The jury returned a verdict in favor of plaintiff for $1 in compensatory damages and $50,000 in punitive damages.

Defense counsel moved for a new trial and the trial justice, after reviewing the evidence, determined that ample evidence existed to support the jury's finding that defendant had struck plaintiff on the head with a long flashlight or club. He also found that the jury, in awarding punitive damages, had failed to obey his instruction that it could not make a compensatory award in the form of punitive damages. He determined that the punitive-damage award was grossly excessive and, in the absence of competent evidence concerning injuries, shocked the conscience of the court. He therefore granted the motion for new trial on the issue of damages only, unless plaintiff filed a remittitur for all sums in excess of $12,000. From this ruling both plaintiff and defendant have appealed.

During the course of the trial defendant was not present, although he was represented by counsel. The record does contain reference to a motion for continuance that was made on October 23, 1985. There

is no transcript of the hearing on this motion and no indication of what arguments, if any, were presented in support of the motion for continuance. There is a reference to defendant's absence resulting from an inquiry from the trial justice after the jury had retired. In response to this inquiry, counsel for defendant informed the court that defendant knew the case was pending and that to the best of his knowledge defendant was "not confined" by medical or emotional problems but was "on his own in California."

In support of his appeal, defendant raises four issues that will be dealt with in the order with which they are raised in defendant's brief.

## I

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING DEFENDANT'S MOTION TO PASS THE CASE AND FOR A NEW TRIAL ON THE ISSUE OF LIABILITY AFTER FINDING THE JURY WAS IMPROPERLY INFLUENCED AND ACTED OUT OF PASSION AND SYMPATHY FOR PLAINTIFF

This motion is premised upon the failure of the court to pass the case, or in the alternative, to grant a motion for new trial on the issue of liability as well as damages when it found that the verdict on punitive damages reflected an attempt to compensate plaintiff for a medical condition. The short answer to this issue is that the trial justice specifically found that the evidence strongly supported the jury's finding on liability and that this finding was in no way based upon passion or prejudice. The trial justice determined that the prejudicial effect of the jury's verdict was confined to damages only. We are of the opinion that the trial justice was correct in his evaluation of the evidence concerning liability. Consequently, in light of these findings the trial justice properly applied the law of this jurisdiction by granting a new trial on the issue of damages only and thereby avoiding the cost in time and money of conducting a new trial on all issues. See Morgan v. DiBiase, 121 R.I. 826, 833,

403 A.2d 1080, 1083 (1979). *See also* *Brimbau v. Ausdale Equipment Rental Corp.*, 120 R.I. 670, 672, 389 A.2d 1254, 1255 (1978).

## II

THE TRIAL COURT SHOULD NOT HAVE ALLOWED AN AWARD TO BE MADE FOR PUNITIVE DAMAGES IN THE ABSENCE OF A SHOWING THAT PLAINTIFF SUFFERED MORE THAN NOMINAL DAMAGE AS A RESULT OF DEFENDANT'S WRONGDOING

In light of the fact that defendant did not preserve this issue for review by objecting to the trial justice's instructions to the jury, it is not properly before us for our consideration. *Cok v. Cok*, 479 A.2d 1184 (R.I. 1984); *Fiske v. MacGregor, Division of Brunswick*, 464 A.2d 719 (R.I. 1983). We have frequently stated that the trial justice's instructions, in the absence of a request to charge or objection to the charges made, become the law of the case. *Kelly v. Kalian*, 442 A.2d. 890 (R.I. 1982). The trial justice's charge may not be attacked for the first time on appeal. *See Caparco v. Lambert*, 121 R.I. 710, 402 A.2d 1180 (1979); *Procaccianti v. Travelers Insurance Co.*, 120 R.I. 100, 385 A.2d 124 (1978); *Belanger v. Silva*, 120 R.I. 19, 384 A.2d 605 (1978).

Since the record does not indicate that defendant filed a request to charge in support of this issue and since the transcript clearly shows that there was no objection to the charge as given, this issue cannot be raised before this court for the first time.

## III

THE TRIAL COURT COMMITTED ERROR BY ADDING PREJUDGMENT INTEREST TO AN AWARD OF PUNITIVE DAMAGES IN CONTRAVENTION OF G.L. 1956 (1985 REENACTMENT) § 9–21–10

It is clear that the adding of prejudgment interest to an award of punitive dam-

ages has been declared by this court to be improper. *Murphy v. United Steelworkers of America,* 507 A.2d 1342 (R.I. 1986). However, in light of the award of a new trial on the issue of damages, this assignment of error is clearly moot and need not be the subject of any relief before this court.

## IV

## THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING DEFENDANT'S MOTION TO CONTINUE THE TRIAL DESPITE DEFENDANT'S ABSENCE AND THE PREJUDICE TO HIS DEFENSE RESULTING THEREFROM

The claim by defendant that the trial justice abused his discretion in declining to continue the case is simply not supported by the record. The records of the case include at least two written motions for continuance that were filed by defendant. One motion sought a continuance in February 1985 due to illness. A second motion filed in May 1985 sought a continuance until September 1985. Apparently, these requests for continuance were granted.

■ A reference in the record also suggests that a motion for continuance may have been made on October 23, 1985, just prior to the opening of trial. Nothing in the transcript indicates what reasons were advanced in support of this motion for continuance or what reasons the trial justice may have had for denying the same.

The only colloquy concerning the absence of defendant that is contained in the transcript of the trial appears to be that which took place after the jury had retired for deliberation. In that colloquy counsel for defendant assured the court that defendant knew the case was pending and that he was in California and not confined in any way.

As a consequence, the record does not contain any evidence, or indeed any representation, upon which to base a finding that the trial justice had abused his discretion in declining to continue the case by reason of defendant's absence.

Plaintiff also appeals from the ruling of the trial justice. In support of his appeal, plaintiff alleges that the trial court abused its discretion in granting defendant's motion for new trial and remittitur for all sums in excess of $12,000.

The plaintiff cites in support of this issue the case of *Cotrona v. Johnson & Wales College,* 501 A.2d 728 (R.I. 1985), and suggests that this case restates the standard which should be applied by the trial justice in determining whether an additur or a remittitur should be granted. In *Cotrona,* we cited our earlier decision in *Zarrella v. Robinson,* 460 A.2d 415 (R.I. 1983). In the latter case, this court considered a remittitur in punitive damages that had been granted by a trial justice on the ground, in part, that the jury's award was contrary to his instructions. As in the case at bar, the trial justice ordered a new trial on the issue of damages only, unless plaintiff agreed to remit all the verdict in excess of $5,000 (punitive damages awarded by the jury were in the sum of $75,000). We reenunciated the standard for an award of a conditional new trial with the following observation:

> "This court held long ago that a jury award of punitive damages may be set aside by the trial court if the amount 'clearly appears to be excessive, or to represent the passion and prejudice of the jury rather than their unbiased judgment.' * * * This court has also recognized that 'even upon the question of the reasonableness of an award of punitive damages the determination of a justice presiding at a jury trial should be given great persuasive force by us.'" 460 A.2d at 418–19.

■ Our review of the record in this case indicates that in his determination concerning the amount of punitive damages, the trial justice properly considered his instructions to the jury and did not overlook or misconceive relevant evidence on a material issue in respect to damages and was

otherwise not clearly wrong. *Wood v. Paolino,* 112 R.I. 753, 315 A.2d 744 (1974).

As a consequence, according the deference due such a finding, we perceive no basis upon which to set it aside.

For the reasons stated, the appeals of both the defendant and the plaintiff are denied and dismissed. The ruling of the trial justice in granting a new trial on the issue of damages is hereby affirmed. The papers in the case may be remanded to the Superior Court for a new trial as ordered by the trial justice.