[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants, CREM Lawn Care, Inc., and Commercial Real Estate (CREM) move to dismiss the apportionment complaint filed against them by defendant, Sielev Associates (Sielev) and the complaint filed against them by the plaintiff, Marguerite McQueen. The bases for these motions are the prior pending case doctrine and the expiration of the sixty day period in which a plaintiff may assert claims against an apportionment defendant under G.S. § 52-102b(d).
The chronologies of this case and a related case, McQueen v. SielevAssociates, LLC, Windham J.D., CV96-53799, are pertinent to these motions. On July 8, 1996, the plaintiff filed the writ and complaint in CV96-53799 with a return date of August 13, 1996. That complaint alleged that on February 9, 1995, the plaintiff fell and sustained injuries on property owned by Sielev. On December 12, 1996, Sielev filed an apportionment complaint, with a return date of December 17, 1996, in that action alleging that the movants were responsible for snow and ice removal at the accident site and their negligence in this duty contributed to the plaintiff's injuries. The plaintiff failed to assert any claim with respect to CREM within the sixty days from the return date of the apportionment complaint as allowed by § 52-102b(d).
Sometime thereafter, the plaintiff realized that Sielev was a general partnership rather than a corporation as indicated in the writ and complaint. Instead of moving to correct the erroneous appellation by substituting the partnership for the corporation, the plaintiff commenced a new lawsuit, which is the matter presently before the court. This new action had a return date of March 18, 1997. On May 6, 1997, Sielev once again filed an apportionment complaint against CREM with a return date of June 17, 1997. In this new case, on August 15, 1997, the plaintiff did make a claim against CREM which is contained in an amended complaint with a return date of September 9, 1997.
The allegations of the complaints in both cases are identical except for the change in Sielev's status as a partnership. The allegations of the apportionment complaints against CREM are also identical in both cases.
CREM contends that the apportionment complaint in the newer case should be dismissed because the same allegations are set forth in the earlier case. Also, they contend that the plaintiff is barred by the statute of CT Page 12298 limitations from making any claim against them in the new case.
 I
The court addresses the motion to dismiss the plaintiff's amended complaint first. Section 52-102b(d) states that, despite any statute of limitations, a plaintiff may bring an action against an apportionment defendant within sixty days of the return date of the apportionment complaint.
The parties concur that the ordinary statute of limitations for negligence actions § 52-584, expired before the plaintiff commenced the new action against CREM. Consequently, the viability of the plaintiff's action against CREM depends on the applicability of § 52-102b(d). The question for the court to decide is whether a plaintiff has multiple sixty day periods under § 52-102b(d) or only one opportunity in which to assert claims against an apportionment defendant. The parties have cited and the court's research discloses no Connecticut case addressing this issue.
The court agrees with CREM that a plaintiff must take advantage of § 52-102b(d) when the situation first presents itself or lose that opportunity to assert claims against an apportionment defendant in later cases.
Occasionally, a defendant in a negligence case will be in a better position to recognize that the negligence of a third party may have contributed to the plaintiff's harm. The statutory scheme set forth in § 52-102b demonstrates legislative recognition of this fact by permitting a defendant to file an apportionment complaint so that the trier-of-fact might consider the activities of a third party in reaching a fair verdict and by providing a sixty day window of opportunity, beyond the statute of limitations, for a plaintiff to sue that third party once alerted to that party's relationship to its case by virtue of the filing of the apportionment complaint. In this sense, § 52-102b(d) is remedial as to the bar otherwise created by § 52-584, the statute of limitations applicable to negligence claims.
The purpose of statutes of limitations include finality, repose, and avoidance of stale claims and evidence, Connecticut Bank and Trust Co. v.Winters, 225 Conn. 146, 165 (1993). Although § 52-102b(d) may be remedial and entitled to liberal construction, such a statute ought not be interpreted so as to render statutes of limitations meaningless, Pintavallev. Valkanos, 216 Conn. 412, 417 (1990); McNeil v. Riccio,45 Conn. App. 466, 473 (1997). CT Page 12299
The clear intent of § 52-102b(d) is to provide a plaintiff a relatively short period of time, sixty days, in which to institute an action against a party about whom the plaintiff may have been unaware until the apportionment complaint was filed. Once a plaintiff is alerted to the existence of a potential, additional tortfeasor, the remedial goal of § 52-102b(d) has been achieved. In the present case, the plaintiff was made aware of CREM's possible involvement in the plaintiff's accident when the apportionment complaint was filed in the earlier case. It was incumbent upon the plaintiff to assert any claims against CREM within sixty days of the December 17, 1996, return date. To allow the plaintiff multiple sixty day periods by commencing new but virtually identical actions would thwart the purposes of the statute of limitations.
The court holds that § 52-102b(d) affords a plaintiff but one sixty day opportunity to avoid the bar to suit set forth in the applicable statute of limitations. The motion to dismiss the plaintiff's amended complaint against CREM is granted.
 II
Turning to the motion to dismiss the second apportionment complaint, the court notes that at oral argument the parties agreed that only one action ought to go forward and that action should be the later one which correctly characterizes Sielev as a partnership rather than a corporation. Therefore, the court orders that the action denoted CV97-55418 be dismissed unless the plaintiff withdraws CV96-53799 within fifteen days of this decision.
Sferrazza, J.