[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE APPORTIONMENT COMPLAINT
This is a personal injury action filed on November 26, 1996 by Henry C. Winiarski, Jr., Administrator of the estate of decedent minor Efrain Colon, Jr., who allegedly while crossing the street, was struck by the defendant Hall who was negligently driving a Greater Hartford Rideshare Corp. (GHRC) vehicle in her capacity as an employee of GHRC. The return date on the plaintiff's complaint was December 3, 1996. On April 3, 1997, in CT Page 12913 a separate action (CV97 0569906) Nancy Rentas and Juan Colon, the decedent-plaintiff's mother and brother, filed a complaint in their own behalf sounding in negligence against the defendants Hall and GHRC, alleging the same facts and circumstances as in the underlying action. On April 23, 1997, Hall and GHRC, as defendants in this action, filed an apportionment complaint against Nancy Rentas. On June 9, 1997, this action and the separate action brought by Rentas and Colon were consolidated by this court.
The plaintiff, Winiarski, moves to strike the defendants' apportionment complaint on the ground that the filing of the complaint failed to comply with the timing requirement of General Statutes § 52-102b because the defendants did not file their apportionment complaint within 120 days of the return date specified in the plaintiff's original complaint as required by statute. The defendants argue that: (1) the apportionment complaint is proper because it was brought against a party to the action, and that the statute does not apply to parties; (2) because the statute does not apply in this case, the only time limitation for bringing an apportionment complaint is the two year statute of limitations for negligence actions pursuant to General Statutes § 52-584; and (3) the delay in service of the apportionment complaint was due to the plaintiff's multiple postponements of the scheduled deposition of Rentas, thus depriving the defendant of the ability to take fair advantage of the 120 day period.
— I —
General Statutes § 52-102b (a) provides in relevant part:
 A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable . . . for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint, hereinafter call the apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint.
Where statutory language is clearly expressed courts must CT Page 12914 apply the legislative enactment according to the plain terms.Paul v. McPhee Electrical Contractors, 46 Conn. App. 18, (1997). In that case the Appellate Court held that General Statutes §52-102b was clear and unambiguous and the trial court's decision to grant a motion to strike the apportionment complaint for failure to file within the statutory period was proper. SeeWitkin v. Schettino, Superior Court, judicial district of Stamford, Docket No. 149015 (April 1, 1997, D'Andrea, J.) (19 CONN. L. RPTR. 226, 227) (motion to dismiss granted for failure to meet the statutory time limitation pursuant to § 52-102b); see also Hill v. Pathmark Stores Inc., Superior Court, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 129120 (February 11, 1997, Gill, J.) (19 CONN. L. RPTR. 108, 109) (motion to strike apportionment complaint granted for failure to "satisfy the requirements of P.A. 95-111 by not serving the third party defendant within 120 days of the return date of the plaintiff's original complaint. . . .").
In the present case, the return date specified in the plaintiff's original complaint is December 3, 1996. One hundred twenty days from that date is April 2, 1997. The defendants filed their apportionment complaint on April 9, 1997, seven days after the statutory period for filing ended. It is clear that the defendants' apportionment complaint was not filed within the statutory limit. The defendants argue, however, that the statute, which applies only to non-parties, does not apply in this case because the third party defendant is a party to the original complaint. This argument lacks merit. The third party defendant, Rentas, is not a party to plaintiff Winiarski's complaint in this case, which is the underlying action to the third-party action. Practice Book § 84A states in relevant part:
 Whenever there are two or more separate actions which would be tried together, the court may, upon the motion of any party or upon its own motion, order that the actions be consolidated for trial. . . . The court files in any actions consolidated pursuant to this section shall be maintained as separate files and all documents submitted by counsel or the parties shall bear only the docket number and case title of the file in which it is to be filed.
CT Page 12915
This rule makes it clear that consolidation does not cause the two cases to lose their separate identity as they are consolidated only for trial. The balance of the rule is likewise clear that the cases retain their original character for all purposes. Ahuja v. Planning Board of Stamford, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 117923 (February 24, 1993, Mottolese, J.) (8 CONN. L. RPTR. 382, 383). Abshire v. Beaver Coaches, Inc., et al., Superior Court Judicial District of Hartford-New Britain at Hartford No. CV94-0539540 (Wagner J., December 9, 1997) and cases cited. Consolidation of the two cases did nothing to avoid the necessity of serving the apportionment complaint within the statutory period.
— II —
Defendants' further argue, that the timing of the third party action should be controlled by the two year general negligence statute of limitations rather than General Statutes §52-102b. In Hill v. Pathmark Stores, Inc., supra, the court held that § 52-102b unequivocally dictates that the procedure set out in the act is to be the exclusive means to cite in a party for apportionment purposes. See also Pashley v. Hairston,
Superior Court, judicial district of New Haven at New Haven, Docket No. 384639 (February 14, 1997, Fracasse, J.) (19 CONN. L. RPTR. 61, 62). The court in Stroud v. Pfeffer, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324804 (April 1, 1996, Ballen, J.) (16 CONN. L. RPTR. 403), specifically held that the defendant could not join a party for apportionment after the 120 days allowed by Public Act 95-111, even if it was filed before the two-year statute of limitations for a negligence action had run. It is concluded that § 52-102b controls in the present case rather than the general negligence statute of limitations pursuant to § 52-584.
— III —
The defendants further argue that their failure to file the third-party complaint within the statutory period was due to delays in scheduling Rentas' deposition caused by the plaintiff. This argument goes outside of the pleadings and is outside of the court's consideration. However, it is noted that the deposition of Rentas was completed six days before the end of the statutory period and although defendants had six days remaining within the statutory period in which to file the apportionment complaint CT Page 12916 they did not file until seven days after the statutory period ended.
For the above reasons, the court need not address the issue of the propriety of the motion for apportionment. Plaintiff's motion to strike the apportionment complaint is granted.
WAGNER, J.