[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MOTION TO DISMISS APPORTIONMENT COMPLAINT #145
The plaintiffs bring this action, with a return date of July 15, 1997, for personal injuries resulting from an automobile accident. The claim is against several defendants including the defendant Wanda Colon. Ms. Colon filed an apportionment complaint against the plaintiff Rabdishta, on October 13, 1998 that was withdrawn on November 24, 1998. On December 4, 1998 the defendant Colon filed a second apportionment complaint which the apportionment defendant Rabdishta seeks to dismiss.
Section 52-102b requires an apportionment complaint to be filed within 120 days of the original complaint. General Statutes § 52-102b. In the present case, the apportionment complaint was not filed within the 120 day time period; it was filed more than a year later. The apportionment plaintiff argues that the time period need not be strictly construed and directs the court to Ketchale v. Unger, Superior Court, judicial district of New Haven, Docket No. 396218 (Jul. 15, 1998, Levin, J.), wherein the court denied a motion to dismiss an apportionment complaint due to timeliness finding that § 52-102b is "directory, not mandatory." CT Page 6125
Other Superior Court decisions adhere to the time requirements set forth in § 52-102b. In Verner v. Lovallo, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 161204 (Oct. 13, 1998, D'Andrea), the court expressly declined to follow the decision in Ketchale v. Unger, supra, Superior Court, Docket No. 161204, and granted a motion to dismiss an apportionment complaint based on timeliness problems. See also McDuff v. Tamborlane, Superior Court, judicial district of New London at New London, Docket No. 540767 (Jan. 6, 1998,Martin, J.) (granting motion to dismiss apportionment complaint for failure to comply with time requirements of § 52-102b);Witkin v. Schettino, Superior Court, judicial district of Stamford, Docket No. 149015 (Apr. 1, 1997, D'Andrea, J.) (19 Conn. L. Rptr. 226); Winiarski v. Hall, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 566277 (Dec. 19, 1997, Wagner, J.) (21 Conn. L. Rptr. 514); Stroud v.Pfeffer, Superior Court, judicial district of Fairfield atBridgeport, Dcket No. 324804 (Apr. 1, 1996, Ballen, J.) (16 Conn. L. Rptr. 403).
The Motion to Dismiss should be granted because the apportionment plaintiff failed to file the complaint within the time period specified by § 52-102b. In addition, as argued by the defendant Colon at short calender, the apportionment complaint is inappropriately directed at an existing party. Section 52-102b provides for the inclusion of "a person not a party to the action" for apportionment of liability purposes.[1] General Statutes § 52-102b. § 52-102b is inapplicable to existing parties.
The Motion to Dismiss the Apportionment Complaint is granted.
PELLEGRINO (J)