[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT W:
The defendant, NCC Management, Inc., has filed a motion for summary judgment against the plaintiffs, the Grahams, arguing that the Grahams' action is not in compliance with General Statutes § 52-593. NCC argues that the Grahams cannot rely on § 52-593 because they did not plead this statute in their operative complaint, and because in their original action against New Canaan Capital, LLC, the Grahams did not assert any direct claims against NCC, after NCC was apportioned into the action by New Canaan Capital.
General Statutes § 52-593 provides, in pertinent part, that "[w]hen a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the CT Page 12000 statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action." Section 52-593 was "passed to avoid the hardships arising from an unbending enforcement of limitations statutes . . . It is after all a remedial statute and should be liberally interpreted." Chomicz v. American LegionMeriden Post No. 45, Superior Court, judicial district of New Haven at New Haven, Docket No. 375597 (March 26, 1996, Corradino, J.) (16 Conn.L.Rptr. 383, 384); Cf., Gallo v. G. Fox Co.,148 Conn. 327, 329, 170 A.2d 724 (1961) (General Statutes §52-592)
In the Grahams' original action,[1] summary judgment was granted on July 20, 1998, based on lack of subject matter jurisdiction for failure to name the proper defendant. The Grahams filed the present action on August 5, 1998, less than one month after the termination of the original action.
The defendant argues that summary judgment should be granted in the present action because the Grahams did not plead General Statutes § 52-593 in their operative complaint, however, "matters in avoidance of the Statute of Limitations need not be pleaded in the complaint but only in response to such a defense properly raised." Ross Realty Corporation v. Surkis,163 Conn. 388, 392, 311 A.2d 74 (1972) (dealing with General Statutes §52-592) Pacelli Brothers Transportation v. Pacelli,189 Conn. 401, 412, 456 A.2d 325 (1988) (dealing with General Statutes § 52-592); see also, Waterhouse v. Turner Construction Co., Superior Court, judicial district of Danbury, Docket No. 324534 (December 4, 1996, Moraghan, J.) (when relying on General Statutes § 52-593, "a plaintiff is not required to plead facts in anticipation of the defense of statute of limitations");Kerr v. Metropolitan District Commission, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 515671 (April 27, 1994, Sheldon, J.) (General Statutes §52-593 must be "specially plead led] in avoidance of a duly pleaded statute of limitations defense"). Moreover, "a statute of limitations defense must be specially pleaded before it may be raised as a basis for a summary judgment motion . . ." Manson v.Mr. Coffee. Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 368332 (May 26, 1995, Hartmere, J.) (dealing with General Statutes § 52-592). Nonetheless, NCC never filed an answer or any special defenses in this action, based on the applicable statute of limitations or otherwise. SeeSavings Institute v. Connecticut Financial Network, Inc., Superior Court, judicial district of Hartford-New Britain at CT Page 12001 Hartford, Docket No. 530735 (September 30, 1994, Corradino, J.) ("ordinarily the appropriate vehicle to raise a statute of limitations claim is by means of a special defense").
The defendant also argues that summary judgment should be granted because NCC had been apportioned into the original action, by the original defendant, New Canaan Capital, but the Grahams failed to assert direct claims against NCC in that action within 60 days of the return date on the apportionment complaint, as required by General Statutes § 52-102b (d).[2] The defendant's rely on Stroud v. Pfeffer, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324804 (April 1, 1996,Ballen, J.) (16 Conn.L.Rptr. 403), but this reliance is misplaced. In Stroud, the issue was whether the defendant could bring in a party for apportionment after the lapse of the 60-day limitation imposed by General Statutes § 52-102b, but before the two-year negligence statute of limitations had run. Stroud
prohibits a defendant from filing a late apportionment complaint and then attempting to utilize the statute of limitations governing the underlying action. The court in Stroud emphasized that "[t]he language [of § 52-102b] does not reflect a concern on the part of the legislature for the underlying statute of limitations of the negligence action." Stroud v. Pfeffer, supra, 16 Conn.L.Rptr. 404. In the present case, if this court were to accept NCC's reasoning, the court would be creating a new limitations period governing the filing of first-party actions by a plaintiff against parties apportioned into an original action as defendants, thus disregarding the applicable underlying statute of limitations for filing suit.
The provisions of General Statutes §§ 52-102b and 52-593
are mutually exclusive. Pursuant to § 52-102b, the Grahams had 60 days to file direct claims against NCC, as an apportionment defendant, in the original action. The Grahams' right to assert claims in that action lapsed after 60 days. Nonetheless, arising out of the transaction or occurrence that is the subject matter of the original complaint." Pursuant to § 52-593, the Grahams still have their statutory right to file an action against NCC as a first-party defendant, which they have done, within one year after the termination of the original action.
Accordingly, NCC's motion for summary judgment is denied.
BY THE COURT CT Page 12002
GILL, J.