[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPORTIONMENT DEFENDANT'S MOTION TO DISMISS (#122)
 FACTS
The plaintiff, Robin Tine, filed a complaint on December 8, CT Page 3840 1998, as administratrix of the estate of her son Seth Tine and as next friend of her son Colton Tine. In the complaint, the plaintiff alleges that the defendant Kent Baker's decedent, Melinda Mallory, was driving east of Route 163 in Montville on December 18, 1997, when she veered her vehicle to the left, causing it to collide with the vehicle in which the Tines were traveling. Seth Tine and Melinda Mallory were both killed in the collision, and Colton Tine was injured. The first and second counts sound in negligence and seek recovery for the wrongful death of Seth Tine and the injuries of Colton Tine, respectively. The third count seeks recovery for the emotional distress sustained by Colton Tine as a result of witnessing his brother's death. The return date of the original complaint is December 22, 1998.
On January 14, 1999, the defendant Kent Baker (hereafter referred to as the apportionment plaintiff), filed an apportionment complaint against Dean Tine (hereafter referred to as the apportionment defendant), who was driving the vehicle in which Seth and Colton were passengers.[1] The apportionment defendant claims that the apportionment complaint was not properly served on him at that time. Nevertheless, an appearance was filed by attorney Edward M. Henfey on behalf of the apportionment defendant on January 20, 1999. Subsequently, on February 9, 1999, attorney Thomas A. Kyzivat entered an appearance in lieu of Edward M. Henfey for the apportionment defendant. Service was properly made on the apportionment defendant on August 22, 1999.
On November 5, 1999, the apportionment defendant filed the present motion to dismiss the apportionment complaint on the ground that it was not filed within 120 days of the return date of the original complaint as required by General Statutes §52-102b (a). The apportionment defendant filed a memorandum of law in support of his motion and the apportionment plaintiff filed a memorandum in opposition. The apportionment defendant filed a response on December 6, 1999. On January 13, 2000, the matter was argued on the short calendar. The parties thereafter submitted additional memoranda on the issue of whether the 120 day requirement of General Statutes § 52-102b (a) operates as a bar to the filing of an apportionment, complaint even before the running of the negligence statute of limitations contained in General Statutes § 52-584.
 DISCUSSION
CT Page 3841
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book § 10-31(a). "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 10-30. "Any claim of lack of jurisdiction over the person or improper venue or insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided in Sections 10-6 and 10-7 and within the time provided by Section 10-30." Practice Book § 10-32; see also Coppola v. Coppola,243 Conn. 657, 659 n. 4, 707 A.2d 231 (1993). In contrast, "[a] motion to dismiss for lack of subject matter jurisdiction may be made at any time." Stroiney v. Crescent Lake Tax District,205 Conn. 290, 294, 533 A.2d 203 (1987); see also Practice Book § 10-33.
The apportionment defendant argues that the apportionment complaint should be dismissed because it was not timely filed. General Statutes § 52-102b (a) provides: "A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint . . . shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint." General Statutes §52-102b (a)
Generally, "the defense of the Statute of Limitations cannot be raised by a [motion to dismiss]." Ross Realty Corp. v. Surkis,163 Conn. 338, 391, 311 A.2d 71 (1972) Nevertheless, "[w]here . . . a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. . . . In such cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself, and not of the remedy alone . . . [U]nder such circumstances, the time limitation Is a substantive and jurisdictional prerequisite, CT Page 3842 which may be raised . . . at any time . . . and may not be waived." (Internal quotation marks omitted.) Ambroise v. WilliamRaveis Real Estate. Inc., 226 Conn. 757, 766 — 67, 623 A.2d 1303 (1993).
The apportionment defendant claims that the 120 day time limitation of General Statutes § 52-102b (a) is substantive and jurisdictional and therefore implicates the court's subject matter jurisdiction. As stated previously, the return date of the plaintiff's original complaint was December 22, 1998. The apportionment defendant claims that because the apportionment complaint was not properly served until August 1999, well beyond 120 days after December 22, 1998, the court lacks subject matter jurisdiction.
The vast majority of trial courts have determined that the time limitation of General Statutes § 52-102b (a) is jurisdictional and that an apportionment complaint served beyond the 120 day period may therefore be attacked through a motion to dismiss. See Fortier v. Casey, Superior Court, judicial district of New Britain, Docket No. 434192 (September 30, 1999, Wollenberg, J.) (2.5 Conn.L.Rptr. 307); Stahl v. Hadelman,
judicial district of New Haven at New Haven, Docket No. 411954 (September 24, 1999, Devlin, J.); Burke v. Gibson Associate, Inc.,
Superior Court, judicial district of New Haven, Docket No. 412164 (May 14, 1999, Jones, J.) (24 Conn.L.Rptr. 509); Burban v. HallNeighborhood House, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 352398 (May 6, 1999,Skoinick, J.) (24 Conn.L.Rptr. 452); Becker v. Cody, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348615 (March 31, 1999, Nadeau, U.) (24 Conn.L.Rptr. 323);McDuff v. Tamborlane, Superior Court, judicial district of New London at New London, Docket No. 540767 (January 6, 1998, Martin,J.); Witkin v. Schettino, Superior Court, judicial district of Stamford — Norwalk at Stamford, Docket No. 149015 (April 1, 1997, D'Andrea, J.) (19 Conn.L.Rptr. 226). A search of trial court decisions has revealed only one instance in which a court has ruled that General Statutes § 52-102b (a) is not jurisdictional and mandatory. See Ketchale v. Unger, Superior Court, judicial district of New Haven, Docket No. 396218 (July 14, 1998, Levin, J.) (22 Conn.L.Rptr. 418).
The conclusion that the 120 day time limitation for serving an apportionment complaint is jurisdictional is supported by the language of § 52-102 itself. Subsection (a) requires that an CT Page 3843 apportionment complaint "shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint." (Emphasis added.) General Statutes §52-102b (a). Subsection(f) states that "[t]his section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h for a proportionate share of the plaintiff's damages as a party to the action." General Statutes § 52-102b (f). The court agrees with the majority of Superior Court authority, that the 120 day requirement is "a specific time limitation . . . contained within a statute that creates a right of action that did not exist at common law." See Ambroise v. William Raveis RealEstate, Inc., supra, 226 Conn. 766. The time limitation is therefore jurisdictional and failure to comply with it renders an apportionment complaint susceptible to a motion to dismiss. SeeBurke v. Gibson Associate, Inc., supra, 24 Conn.L.Rptr. 509.
The apportionment plaintiff argues, however, that Statutes § 52-102b (a) does not bar the apportionment complaint because it was served within the two year statute of limitations provided by General Statutes § 52-584[2] for negligence actions. The trial courts that have addressed this issue have concluded that § 52-584 does not apply to an apportionment complaint: "Section 52-102b (f) clearly states that § 52-102b is the 'exclusive means' to add an apportionment defendant to an action. The fact that the plaintiff, as opposed to the defendants, could have pursued an action against [the apportionment defendant] within two years is immaterial. The defendants make no claim that they suffered personal injury or property damage by virtue of the purported negligence of [the apportionment defendant]. Rather, they seek to add [the apportionment defendant] to this action to alleviate them from potentially bearing the entire burden of compensating the plaintiff for her injuries." (Emphasis in original.) Morin v.Cook, Superior Court, judicial district of Windham at Putnam, Docket No. 058495 (March 5, 1999, Sferrazza, J.) (24 Conn. L. Rptr. 121, 122); see also Winiarski v. Hall, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 566277 (December 19, 1997, Wagner, J.) (21 Conn.L.Rptr. 514);Stroud v. Pfeffer, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324804 (April 1, 1996, Ballen, J.) (16 Conn.L.Rptr. 403). General Statutes § 52-584 is therefore inapplicable in the present case.
The inquiry does not end here, however, because the CT Page 3844 apportionment plaintiff claims that the apportionment defendant has waived his objection regarding sufficiency of service by not filing a motion to dismiss within thirty days of his appearance in the case. Although the apportionment complaint filed with the court on January 14, 1999 apparently was not properly served on the apportionment defendant until August 1999, the apportionment defendant entered an appearance in this matter on January 20, 1999. The apportionment plaintiff argues that under Practice Book § 10-32, the apportionment defendant's claim of insufficiency of process has been waived, and that upon the expiration of the thirty days following the apportionment defendant's appearance, the apportionment complaint was deemed to have been properly served.
"[T]he filing of an appearance on behalf of a party, in and of itself, does not waive that party's personal jurisdiction claims. Nevertheless, `[a]ny defendant wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but, must do so by filing a motion to dismiss within thirty days of the filing of an appearance . . .' Practice Book § 10-30. The rule specifically and unambiguously provides that any claim of lack of jurisdiction over the person as a result of an insufficiency of service of process is waived unless it is raised by a motion to dismiss filed within thirty days . . . Thus thirty-one days after the filing of an appearance . . . a party is deemed to have submitted to the jurisdiction of the court. Any claim of insufficiency of process is waived if not sooner raised." (Emphasis in original.) Pitchellv. Hartford, 247 Conn. 422, 432 — 33, 722 A.2d 797 (1999)
When the apportionment defendant failed to file a motion to dismiss within thirty days after his appearance in this case, he waived his right to claim insufficiency of service of process; he was then "deemed to have submitted to the jurisdiction of the court." Id. Consequently, there was no need for the apportionment plaintiff to attempt service again. The fact that the subsequent attempt was untimely under General Statutes § 52-102b
(a) is therefore not determinative, as it is undisputed that the original apportionment complaint was filed within 120 days of the return date of the plaintiff's original complaint.
The apportionment defendant argues, however, that because his motion to dismiss addresses the court's subject matter jurisdiction rather than its personal jurisdiction, there can be no waiver of his claim. It is true, as discussed above, that the CT Page 3845 failure to file an apportionment complaint within 120 days of the return date of the original complaint implicates the subject matter jurisdiction of the court. The apportionment defendant's motion to dismiss on that ground, however, is premised on the conclusion that the earlier attempt to serve the apportionment complaint was insufficient. This is the very claim that has already been waived by the apportionment defendant's failure to file a motion to dismiss within thirty days of his appearance.
 CONCLUSION
Because the apportionment defendant failed to file a motion to dismiss within thirty days of entering his appearance, he has waived his claim of insufficiency of process. Under the Practice Book rules, the apportionment complaint is deemed by waiver to have been validly served in January of 1999. Because the return date of the original complaint was December 22, 1996, the apportionment complaint was served within the time limit of General Statutes § 52-102b (a). Consequently, the motion to dismiss the apportionment complaint is denied.
D. Michael Hurley, Judge Trial Referee.