[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION APPORTIONMENT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Concetta Iazzetta, commenced this negligence action on December 11, 1998, by a four count complaint with a return date of January 5, 1999, against the defendants, Clock Tower Mill Limited Partnership, Dwelling Development Corporation, Konover Residential CT Page 8812-s Corporation and Konover Management Corporation, alleging injuries resulting from carbon monoxide poisoning caused by a swimming pool water heater located in the basement of a building owned, operated, managed, maintained, possessed and/or controlled by the defendants. Pursuant to General Statutes § 52-102b, the defendants filed an apportionment complaint against the apportionment defendant, Century Pool Corporation (Century Pool), and the plaintiff thereafter filed an amended complaint, asserting in count five a direct claim against Century Pool.
On January 26, 2001, Century Pool filed a motion for summary judgment as to the apportionment complaint and count five of the amended complaint, arguing that it is entitled to judgment as a matter of law because the claims against it are time barred under General Statutes § 52-584 and cannot be saved by the provisions of § 52-102b. Century Pool concedes that the defendants filed the apportionment complaint within 120 days of the return date of the plaintiff's complaint, as required by § 52-102b (a), and that the plaintiff's direct claim against it was asserted within 60 days of the return date of the apportionment complaint, as required by § 52-102b (d). Century Pool argues, however, that because it is undisputed that it provided no pool related services to the defendants after April 14, 1992, any negligence action arising out of an act or omission on its part expired as of April 14, 1995, long before the filing of the plaintiff's action. Although § 52-102b (b) and (d) provide for the bringing, within specified time limits, of an apportionment complaint and a direct claim notwithstanding any statute of limitations, Century Pool argues that these provisions only operate to save claims as to which the applicable statute of limitations has run between the filing of the plaintiff's original complaint and the filing of an apportionment complaint and/or direct claim. In other words, Century Pool contests the viability of bringing an apportionment complaint and a direct claim against a party as to whom the statute of limitations expired prior to the filing of theplaintiff's original complaint.
Century Pool's position finds no support in the express statutory language of § 52-102b or in case law interpreting this statute. Subsection (b) explicitly states that "[i]f the apportionment complaint is served within the time period specified in subsection (a) of this section, no statute of limitation or repose shall be a defense or bar to such claim for apportionment, except that, if the action against the defendant who instituted the apportionment complaint pursuant to subsection (a) of this section is subject to such a defense or bar, the apportionment defendant may plead such a defense or bar to any claim brought by the plaintiff directly against the apportionment defendant CT Page 8812-t pursuant to subsection (d) of the section." General Statutes § 52-102b
(b). This "language does not reflect a concern on the part of the legislature for the underlying statute of limitations of the negligence action." Stroud v. Pfeffer, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324804 (April 1, 1996, Ballen, J.) (16 Conn. L. Rptr. 403, 404); see also Graham v. NCC Management, Inc., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 147870 (August 31, 1999, Gill, J.) (25 Conn. L. Rptr. 353). Century Pool is not claiming that the plaintiff's action against the defendants/apportionment plaintiffs is barred by any statute of limitations but rather that § 52-584 bars the claim against it for apportionment. This is precisely the statute of limitations defense that § 52-102b (b) prohibits.
Similarly, General Statutes § 52-102b (d) provides that the plaintiff may assert a direct claim within 60 days of the return date of the apportionment complaint "[n]otwithstanding any applicable statute of limitation or repose. . . ." Despite this broad language, Century Pool suggests that the quoted language should be construed to mean "notwithstanding any applicable statute of limitation or repose that may have run since the filing of the plaintiff's original complaint. . . ." If, however, the legislature wished to create an exception to the general prohibition against the assertion of a statute of limitations defense in these circumstances, it certainly knew how do so since it created such an exception in § 52-102b (b), namely, for cases in which a plaintiff's action against the defendant/apportionment plaintiff is barred.
Although no appellate authority has been found, the Superior Courts have often held that because § 52-102b is the exclusive means by which to add a defendant for apportionment purposes; see General Statutes § 52-102b (f); Eskin v. Castiglia, 253 Conn. 516, 523-24, 753 A.2d 927
(2000); as long as the time requirements contained in § 52-102b (a) and (d) are satisfied, statutes of limitations such as § 52-584 are simply inapplicable. See, e.g., Tine v. Baker, Superior Court, judicial district of New London at Norwich, Docket No. 116645 (March 27, 2000,Hurley, J.) (27 Conn. L. Rptr. 57, 59) ("§ 52-584 does not apply to an apportionment complaint"); Morin v. Cook, Superior Court, judicial district of Windham at Putnam, Docket No. 58495 (March 5, 1999,Sferrazza, J.) (24 Conn. L. Rptr. 121, 122) (court agrees "that § 52-102b
controls and that § 52-584 is inapplicable"); Winiarski v. Hall, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 566277 (December 19, 1997, Wagner, J.) (21 Conn. L. Rptr. 514, 515) ("§ 52-102b controls in the present case rather than the general, negligence statute of limitations pursuant to § 52-584"). CT Page 8812-u These decisions hold that § 52-584 may not be used by apportionment plaintiffs to save an untimely filed apportionment complaint based on the reasoning that § 52-584 is inapplicable. Given this same reasoning, the court sees no logical reason why § 52-584 should then operate tobar a timely filed apportionment complaint.
The court's decision is in keeping with the remedial nature of §52-102b. "Occasionally, a defendant in a negligence case will be in a better position to recognize that the negligence of a third party may have contributed to the plaintiff's harm. The statutory scheme set forth in § 52-102b demonstrates legislative recognition of this fact by permitting a defendant to file an apportionment complaint so that the trier-of-fact might consider the activities of a third party in reaching a fair verdict and by providing a sixty day window of opportunity, beyond the statute of limitations, for a plaintiff to sue that third party once alerted to that party's relationship to its case by virtue of the filing of the apportionment complaint. In this sense, § 52-102b (d) is remedial as to the bar otherwise created by § 52-584, the statute of limitations applicable to negligence claims." McQueen v. SielevAssociates, Superior Court, judicial district of Windham at Putnam, Docket No. 55418 (November 17, 1997, Sferrazza, J.) (20 Conn. L. Rptr. 665).
For the foregoing reasons, Century Pool's motion for summary judgment is denied.
BY THE COURT
PATRICIA A. SWORDS JUDGE OF THE SUPERIOR COURT CT Page 8812-v