[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#105)
On July 13, 1995, the plaintiffs, Ushearnda Stroud and Tracey Modeste, filed a complaint alleging a cause of action pursuant to General Statutes § 22-357, the dog bite statute, against the defendant, Lynn C. Pfeffer. The plaintiffs allege that they were pedestrians at or near Park Avenue in Bridgeport when they were chased by a dog into the roadway causing them to be struck by an oncoming vehicle.
In a complaint dated February 1, 1996, the defendant sought to join the driver of the vehicle that struck the plaintiffs.[1]
On February 16, 1995, the plaintiffs filed a motion to dismiss on the ground that the court lacked jurisdiction in that the defendant has failed to serve the complaint within the statutory time frame set out by Public Act 95-111. The defendant filed an objection to the motion to dismiss dated March 15, 1996, claiming that the two year statute of limitations of General Statutes § 52-584 applies despite Public Act 95-111. She claims that the statute of limitations begins to run from the date of the injury which was April 24, 1995, and that her complaint was CT Page 2892 therefore timely filed.[2]
The right to cite in a party for apportionment purposes is provided in General Statutes § 52-102. This statute was amended by Public Act 95-111. Public Act 95-111 provides in part that "[a] defendant in any civil action to which section 52-572h of the general statutes applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint, hereinafter called the apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint." Public Act 95-111, Sec. 1(a). It further provides that "[t]his section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h
of the general statutes for a proportionate share of the plaintiff's damages as a party to the action. Public Act 95-111, Sec. 1(f).
The issue before the court is whether a defendant may join in a party for apportionment after the 120 days allowed by Public Act 95-111, but before the two-year statute of limitations for a negligence action has run.
"The purpose of statutory construction is to give effect to the intended purpose of the legislature. . . . If the language of a statute is plain and unambiguous, we need look no further than the words actually used because we assume that the language expresses the legislature's intent." (Citations omitted; internal quotation marks omitted.) State v. DeFrancesco,235 Conn. 426, 435, ___ A.2d ___ (1995). The court finds the language of the statute plain and unambiguous. The express language of Public Act 95-111 dictates that the procedure set out in the act is to be the exclusive means to cite in a party for apportionment purposes. See DeLaurentis v. Gervais, Superior Court, judicial district of Waterbury, Docket No. 124011,15 Conn. L. Rptr. 253 (October 17, 1995, Fasano, J.). The language does not reflect a concern on the part of the legislature for the underlying statute of limitations of the negligence action.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
CT Page 2893 (1985). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Gurliacci v. Mayer, 218 Conn. 531,542, 599 A.2d 914 (1991). "Where . . . a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter . . . [U]nder such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised at any time, even by the court sua sponte, and may not be waived."Ambroise v. William Raveis Real Estate, Inc., 226 Conn. 757,766-67, 628 A.2d 1303 (1993).
The right of a defendant to reduce her proportion of the liability did not exist at common law. "General Statutes §52-572h abolishes the common law rule of no contribution between joint tortfeasors and provides for allocation of fault among them and apportioning any award of damages consistent with their degree of fault."[3] (Citations omitted; internal quotation marks omitted.) Ortiz v. Douglas, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 515187,9 Conn. L. Rptr. 62, 74 (April 27, 1993, Hennessey, J.) "A motion to cite in pursuant to General Statutes § 52-102 . . . is the appropriate vehicle for adding a defendant to a plaintiff's action for the purposes of apportioning liability pursuant to §52-572h(c)." Id., 65.
The defendant, pursuant to § 52-102, seeks to cite in a new party to the action. She has not complied with the time limitations set out by the legislature in Public Act 95-111, and therefore cannot avail herself of the statutory remedy. Accordingly, the motion to dismiss is granted.
BALLEN, J.