[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 1, 1997
The plaintiffs, Gary and Judy Witkin, brought this action against the defendant, James Schettino, with a return date of December 19, 1995. The plaintiffs allege that they entered into a revised contract with the defendant in which he agreed to draw up plans for various additions and alterations to the plaintiffs' residence. In addition, the defendant agreed to assist the plaintiffs in hiring a general contractor. Relying upon the CT Page 3622 defendant's prior experience with Medico Construction Corp., the plaintiffs accepted Medico's bid and entered into an agreement with it to construct the additions and alterations to their residence. The plaintiffs allege, that Medico breached the agreement, and further claim that the defendant was negligent, inter alia, by failing to draw up proper specifications and plans, by failing to ascertain whether Medico was a reputable general contractor, by failing to conduct timely, adequate inspections, and by failing to ascertain, or require, that Medico was performing the work in a proper manner. In addition, the plaintiffs allege that the defendant permitted changes to the foundation that deviated from the plans and specifications, resulting in a structurally unsound foundation.
The defendant served an apportionment complaint, upon Medico on April 25, 1996. The apportionment complaint alleges, inter alia, that Medico "was obligated to construct the alterations and additions of said residence and [sic] conformity with said plans and specifications," that Medico was negligent in performing its obligations, and that the "acts and omissions of Medico, through its negligent construction, rather than any acts or omissions attributable to [the defendant], was the direct or immediate cause of the plaintiffs' alleged damages." The defendant further claims that "Medico is not a party to this action, and in order to have its negligence considered by the trier of fact pursuant to C.G.S. § 52-572h, it must be made an apportionment defendant."
Medico filed a motion to dismiss the defendant's apportionment complaint on the ground that the court lacks subject matter jurisdiction because the defendant did not comply with the time requirements for service of process contained inPublic Acts 95-111.[1]
"A motion to dismiss . . . properly attacks the jurisdiction of the court . . ." (Internal quotation marks omitted.) Gurliacciv. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the person, . . . insufficiency of process, and . . . insufficiency of service of process." Knipple v. VikingCommunications, 236 Conn. 602, 604 n. 3, 674 A.2d 426 (1996), quoting Practice Book § 143. In addition, "[t]he motion to dismiss shall also be used to assert . . . lack of jurisdiction over the subject matter . . ." (Internal quotation marks omitted.) Sadloski v. Town of Manchester, 235 Conn. 637, 645-46
CT Page 3623 n. 13, 668 A.2d 1314 (1995).
Medico argues that the defendant's apportionment complaint should be dismissed because the defendant failed to serve the apportionment complaint on Medico within 120 days of the return date of the original complaint as required by Public Acts 95-111. Medico contends that P.A. 95-111 is the exclusive means of apportioning liability among defendants. Medico maintains further that the act provides a right of action that did not exist at common law, and therefore, the time limitation contained therein is a substantive, jurisdictional prerequisite that is not waivable.
In opposition, the defendant argues that the apportionment complaint "would have been filed on time had [Medico] dutifully updated its filing and address with the New York Secretary of State's office." The defendant contends that it filed a proposed apportionment complaint on January 17, 1996, but the defendant was unable to serve it because the corporation was no longer located at the address provided by the New York Secretary of State's office, and an attempt to serve the corporation's owner at his residence failed because he had died. The defendant emphasizes that the service of the apportionment complaint is only eight days late, and it requests the court, "in the interest of justice," to exercise its discretion and allow the defendant's apportionment complaint to stand.
"Public Acts 95-111 applies to any civil action filed on or after July 1, 1995 . . . Pursuant to the [a]ct, any defendant seeking apportionment of liability must serve an `apportionment complaint' upon the third party sought, known as the `apportionment defendant,' within 120 days of the return date of the original complaint . . . The [a]ct . . . provides that it shall be the exclusive means by which a defendant may add a person for apportionment."[2] (Citations omitted.) St. PaulFire Marine Ins. v. Genesee Mgmt., Superior Court, judicial district of Danbury, Docket No. 322290 (June 4, 1996) (Leheny, J.), citing Public Acts 95-111.
Pursuant to Public Acts 95-111, the defendant's failure to serve a copy of the apportionment complaint on Medico within 120 days of the return date specified in the plaintiffs original complaint is a ground for dismissal. The act expressly provides that it is the "the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h of CT Page 3624 the general statutes for a proportionate share of the plaintiffs damages as a party to the action." (Emphasis added.) Public Acts 1995, No. 95-111. As the court observed in Catalan v. MachnikConstruction Co., Inc., Superior Court, judicial district of New London at New London, Docket No. 535192, 16 CONN. L. RPTR. 285
(March 8, 1996) (Austin, J.), Public Acts 95-111 ended the debate as to "the proper procedure to cite-in non-defendants for the purpose of apportioning liability[,]" and sets forth "the exclusive procedure for bringing in previously unnamed individuals or entities . . ." Id. In Stroud v. Pfeffer, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324804 (April 1, 1996) (Ballen, J.), a defendant sought to join a party for apportionment purposes, but the plaintiffs filed a motion to dismiss on the ground that the court lacked jurisdiction due to the defendants' failure to serve the complaint within the statutory time frame contained inPublic Acts 95-111. The court emphasized that the right of a defendant to reduce its proportion of liability did not exist at common law, and concluded that the defendant could not "avail herself of the statutory remedy[,]" because she had failed to comply "with the time limitations set out by the legislature inPublic Act 95-111." Id.
Similarly, in the present case, the defendant has failed to comply with the time limitation contained in the act and the apportionment defendant's motion to dismiss the apportionment complaint is granted on this ground.[3]
D'ANDREA, J.