[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On January 6, 1997, the plaintiff, Kristin McDuff, filed this action against Kathleen Tamborlane, David W. Miko, Gerald M. Mistretta, the East Lyme Board of Education, and Karl E. Scheibe and David Duff Chambers. Scheibe and Chambers were named as defendants in their individual capacities and as doing business as the Saybrook Counseling Center. The complaint had a return date of January 21, 1997. The plaintiff's eleven count complaint arose from Tamborlane's alleged actions while she was a school psychologist for the East Lyme public school system.[1]
The procedural history relevant to deciding this motion follows. On May 23, 1997, the defendants Miko, Mistretta, and the East Lyme Board of Education filed an apportionment complaint against Kerstin McDuff, the plaintiffs mother. On June 21, 1997, the defendants Tamborlane, and Scheibe and Chambers, both doing business as the Saybrook Counseling Center[2] (Saybrook Counseling Center), also filed an apportionment complaint against Kerstin McDuff. Both complaints alleged that the apportionment defendant's negligence and carelessness caused the original plaintiffs injuries and both complaints sought apportionment of any liability from Kerstin McDuff.
On June 30, 1997, the apportionment defendant, Kerstin CT Page 1769 McDuff, filed a motion to strike the apportionment complaint of the East Lyme Board of Education and Mistretta.[3] On July 2, 1997, the original plaintiff, Kristin McDuff, also filed a motion to strike the same apportionment complaint. On July 11, 1997, the apportionment defendant filed an amended motion to strike this complaint. On August 25, 1997, the court denied the motion to strike the apportionment complaint of the East Lyme Board of Education, Miko and Mistretta.
Also on June 30, 1997, the apportionment defendant filed a motion to dismiss the apportionment complaint of Tamborlane and the Saybrook Counseling Center. The original plaintiff also filed a motion to dismiss the complaint on July 2, 1997. On January 6, 1998, this court dismissed that apportionment complaint because the defendants Tamborlane and Saybrook Counseling Center failed to serve the apportionment complaint pursuant to the time requirements of the apportionment statute.[4]
On September 8, 1997, the defendants Tamborlane and the Saybrook Counseling Center filed a crossclaim against the apportionment defendant Kerstin McDuff. After the apportionment defendant filed a timely request to revise, the defendants Tamborlane and the Saybrook Counseling Center filed a revised cross-claim on September 26, 1997. The revised cross-claim asserts that the apportionment defendant's negligence and carelessness caused the plaintiffs harm. Additionally, the cross-claim does not make a claim for relief for damages, but instead seeks "apportionment of the liability of apportionment defendant Kerstin McDuff's carelessness and negligence . . . in this action." See Plaintiff's Revised Cross Claim. It is that cross claim that is the subject of a motion to strike.
On October 2, 1997, the apportionment defendant filed a motion to strike the revised cross claim. On November 4, 1997, the plaintiff, Kristen McDuff, also filed a motion to strike the same.[5] On December 22, 1997, and on February 20, 1998, the defendants Tamborlane and the Saybrook Counseling Center filed an opposing memorandum to the apportionment defendant's and the plaintiffs motions to strike. All other parties submitted memoranda in support of their respective positions. On February 23, 1998, this court heard oral argument.
"Whenever any party wishes to contest the legal sufficiency of the allegations of any . . . cross-claim to state a claim upon which relief can be granted . . . that party may do so by filing CT Page 1770 a motion to strike the contested pleading . . ." Practice Book § 152, now Practice Book (1998 Rev.) 10-39. [F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,383 n. 2, 650 A.2d 153 (1994) see also Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989) The role of the trial court in ruling on a motion to strike is "to examine the [pleading], construed in favor of the, [pleading party], to determine whether the [pleading party] [has] stated a legally sufficient cause of action." Nalpoletano v. Cigna Healthcare of Connecticut, Inc.,238 Conn. 216, 232-33, 680 A.2d 127 (1996).
The original plaintiff and the apportionment defendant have both moved to strike the counseling defendants' cross-claim on the grounds that the cross claim is legally insufficient because the apportionment statute states that it is the exclusive manner by which a defendant may seek to bring in a third party to share liability and a cross claim which does not seek affirmative relief fails to state a cause of action. The counseling defendants argue that the cross claim asserts a claim for negligence against the apportionment defendant and is, therefore, legally sufficient. Further, the counseling defendants claim that the plaintiff in this action has no standing to move to strike the cross claim.
Initially, this court addresses the argument of Tamborlane and the Saybrook Counseling Center that the plaintiff lacks standing to move to strike the cross claim. As Judge Austin noted in his well reasoned and often cited decision of Catalan v.Machnick Construction Co., Inc., Superior Court, judicial district of New London, Docket No. 535192, 16 CONN. L. RPTR 285 (March 8, 1996), because the apportionment statute states that an apportionment defendant shall be treated as a party for all purposes, and because "[a]ll purposes must, by its plain meaning encompass the right of the plaintiff to challenge the pleadingsof any party to the action," the plaintiff in this action has standing to challenge the sufficiency of the cross claim. Additionally, this court notes the defendants' argument is inconsistent to the extent that those defendants rely on the broad language of the apportionment statute to argue the apportionment defendant is a party for the purpose of asserting a cross claim, but that the plaintiff has no standing, or interest, to challenge that cross claim. Again, this court agrees with Judge Austin's reasoning and concludes the plaintiff has standing to challenge the sufficiency of the cross claim. CT Page 1771
As this court noted in its January 1998 decision in the instant matter, General Statutes § 52-102b "applies to any civil action filed on or after July 1, 1995 . . . Pursuant to [the statute], any defendant seeking apportionment of liability must serve `an apportionment complaint' upon the third party sought, known as the `apportionment defendant,' within 120 days of the return date of the original complaint . . . The [statute] . . . provides that it shall be the exclusive means bywhich a defendant may add a person for apportionment." (Citations omitted: emphasis added.) St. Paul Fire Marine Ins. v. GeneseeMgmt., Superior Court, judicial district of Danbury, Docket No. 322290 (June 4, 1996, Leheny, J.), citing Public Acts 1995, No. 95-111 (now codified as General Statutes § 52-102b). By the terms of the statute, the procedures set forth in General Statutes § 52-102b are the exclusive means by which a party may be served for apportionment purposes. Id.; Paul v. McPhee,supra, 18 Conn. App. 22; Witkin v. Schettino, Superior Court judicial district of Stamford, Docket No. 149015, 19 CONN. L. RPTR. 226 (April 1, 1997, D'Andrea, J.); Stroud v. Pfeffer,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324804, 16 CONN. L. RPTR. 403 (April 1, 1996, Ballen, J.); Catalan v. Machnik Construction Co., Inc, supra, Docket No. 535192, 16 CONN. L. RPTR. 285.
As also noted in this court's January 1998 decision, where the "statutory language is clearly expressed . . . courts must apply the legislative enactment according to the plain terms . . ." Paul v. McPhee Electrical Contractors,46 Conn. App. 18, 22 (1997), quoting Johnson v. Manson, 196 Conn. 309, 315,493 A.2d 846 (1985), cert. denied, 474 U.S. 1063, 106 S.Ct. 813,88 L.Ed.2d 787 (1986). "If the language of a statute is plain and unambiguous, [the court] need look no further than the words actually used because [the court assumes] that the language expresses the legislature's intent." State v. DeFrancesco,235 Conn. 426, 435, 668 A.2d 348 (1995). "General Statutes 52-102b is clear and unambiguous." Paul v. McPhee Electrical Contractors,supra, 46 Conn. App. 22.
As previously noted, the cross claim seeks relief in the form of apportionment only. While Tamborlane and the Saybrook Counseling Center argue that the cross claim seeks relief for the alleged negligence of the apportionment defendant, the cross claim clearly seeks no damages and merely seeks another method of apportioning liability. "Numerous Superior Court decisions have CT Page 1772 held apportionment counterclaims legally insufficient because of their failure to seek affirmative relief." Calarco v. Spector,
Superior Court, judicial district of New Haven, Docket No. 382004 (April 3, 1997, Silbert, J.). See also Somers v. Heise, Superior Court, judicial district of Waterbury, Docket No. 131563, 17 CONN. L. RPTR 285 (August 2, 1996, Vertefeuille, J.); Samela v.Reed, Superior Court, judicial district of Litchfield, Docket No. 068641 (December 1, 1995, Pickett, J.); Lodge v. Arett SalesCorp., Superior Court, judicial district of Waterbury, Docket No. 116463 (July 13, 1994, Pellegrino, J.); Agolli v. Hall, Superior Court, judicial district of Waterbury, Docket No. 116463 (July 13, 1994, Pellegrino, J.); Walker v. Broadcannon Associates,
Superior Court, judicial district of Fairfield-Bridgeport at Bridgeport, Docket No. 282067 (July 16, 1993, Leheny, J.). While those cases address counterclaims, the rationale underlying those decisions is equally persuasive in the present case. While the apportionment defendant is amenable to a cross claim, there is no question that Tamborlane and the Saybrook Counseling Center seek nothing other than mere apportionment. See Marconi ConstructionCo. v. D'Addeo's, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 551848 (January 28, 1998, Wagner, J.T.R.) (a cross claim against an apportionment defendant seeking indemnification is legally sufficient).
The cross claim asserted against the apportionment defendant seeks no affirmative relief and, instead, seeks apportionment of liability only and is, therefore, legally insufficient. Additionally, as this court made clear in its January 6, 1998 decision, the apportionment statute makes it clear that the legislature intended that the procedures set forth in the apportionment statute are the exclusive means by which a party seeking apportionment may assert such a claim.
Accordingly, the plaintiff's motion to strike and the apportionment defendant's motion to strike are granted.
MARTIN J.