[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has sued defendants Edward Cook, Jr., AS Trucking, LLC, and Ford Motor Credit Co. (Ford) based on personal injuries she claims she sustained as a result of a motor vehicle collision with a vehicle driven by Cook in the course of his employment with AS Trucking. That vehicle was leased to AS Trucking by Ford.
The return date of the action was June 30, 1998. On November 9, 1998, the court granted Ford's motion to implead a third party defendant, Davey Tree Expert Co. (Davey Tree), for purposes of apportionment of liability. Cook and AS Trucking also move to implead Davey Tree for similar purpose. Davey Tree moves to dismiss the apportionment complaint against it and objects to the other defendants' motion to implead.
The gravamen of the motion to dismiss and opposition to the motion to implead is that the apportionment complaint was not served upon Davey Tree within 120 days of the return date of the plaintiff's original complaint as required by G.S. § 52-102b. The defendants concede this delinquency but argue that the two CT Page 2987 year statute of limitation for negligence actions set forth in G.S. § 52-584 ought to apply. The court agrees with Davey Tree that § 52-102b controls and that § 52-584 is inapplicable.
Section 52-102b(f) clearly states that § 52-102b is the "exclusive means" to add an apportionment defendant to an action. The fact that the plaintiff, as opposed to the defendants, could have pursued an action against Davey Tree within two years is immaterial. The defendants make no claim that they suffered personal injury or property damage by virtue of the purported negligence of Davey Tree. Rather, they seek to add Davey Tree to this action to alleviate them from potentially bearing the entire burden of compensating the plaintiff for her injuries.
At common law, and before the passage of Tort Reforms I and II, no right existed to apportion blame among tortfeasors in negligence actions. The mechanism by which a defendant can add other parties for such a purpose is created by and limited by § 52-102b. Because compliance with the 120 day window of opportunity afforded by § 52-102b is lacking, the apportionment complaint against Davey Tree is dismissed, and the motion to implead that party is denied.
Sferrazza, J.