[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION OF APPORTIONMENT DEFENDANT SEEKING TO DISMISS PLAINTIFF'S COMPLAINT VS. HIM
A motion to dismiss herein presents the following issue: Is a personal injury plaintiff entitled to wait beyond the statutory 60 days after the original defendant brings in an apportionment defendant before plaintiff files his direct complaint against said apportionment defendant if said two "defendants" are alone engaged in pleadings combat (involving a request to revise and a CT Page 3995 motion to strike) for longer than said 60 days.
No appellate law governs this question and this court has come to be persuaded that this plaintiff is not entitled to wait until the pleadings struggle between an original defendant and an apportionment defendant ends before his 60 day statutory deadline to claim against the apportionment defendant begins to run.
Plaintiff Becker sued defendant Cody in November, 1997, claiming to have been rear ended. Cody filed a apportionment complaint against a dog owner whose dog allegedly ran in front of plaintiff's car, "thereby initiating an auto accident". (Apparently the notion was that the apportionment defendant's dog prompted plaintiff to slow down and but for that, the original defendant would not have rear-ended plaintiff).
Plaintiff, per statute, had 60 days from the return date of defendant Cody's apportionment complaint against apportionment defendant, dog-owner Dinatale[1] The defendants' pleadings battle began on approximately the 22nd day of the 60 day period after the return date of defendant's apportionment complaint. Ultimately, plaintiff waited until approximately 249 days after the initial 60-day deadline to assert her direct claim against the apportionment defendant, Dinatale, i.e., about 44 days after the apportionment defendant answered the original defendant. Plaintiff's essential claim is that she ought to be permitted to await that time when the apportionment complaint becomes "finalized," noting further that the apportionment defendant has not been prejudiced.
Thus, it must be determined whether the aforementioned sixty day time period mandates compliance or merely suggests the desired result. "As a statutorily enacted period of limitation, the one hundred twenty day period from the filing of the original
complaint for filing the apportionment complaint has been strictly applied." Bodell v. Schmidt, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 351664 (February 10, 1999, Skolnick, J.) (5 Conn. Ops. 263, 263); see also McDuffv. Tamborlane, Superior Court, judicial district of New London, Docket No. 540767 (June 23, 1998, Martin, J.) (22 Conn. L. Rptr. 364, 365) (requiring defendant seeking liability to serve apportionment complaint within 120 days of return date of original complaint); Winiarski v. Hall, Superior Court, judicial district of Hartford, Docket No. 566277 (December 19, 1997,Wagner, J.) (21 Conn. L. Rptr. 514, 515) (defendants' CT Page 3996 apportionment complaint not filed within 120 day statutory time limit). For example, in Witkin v. Schettino, Superior Court, judicial district of Stamford, Docket No. 149015 (April 1, 1997,D'Andrea, J.) (19 Conn. L. Rptr. 226), the court held that "[p]ursuant to Public Acts 95-111 [(General Statutes 52-102b), the defendant's failure to serve a copy of the apportionment complaint on the [apportionment defendant] within 120 days of the return date specified in the plaintiffs original complaint is grounds for dismissal." (Internal quotation marks omitted.) Id. Judge D'Andrea also noted in another case: "The result is the same when the plaintiff fails to serve the amended complaint upon the apportionment defendants within sixty days of the return date of the apportionment complaint." Verner v. Lovallo, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 161204 (October 13, 1998, D'Andrea, J.); but see Ketchale v.Unger, Superior Court, judicial district of New Haven, Docket No. 396218 (July 14, 1998, Levin, J.) (22 Conn. L. Rptr. 418) (holding that the 120 day period is neither jurisdictional nor mandatory).
Since the majority of the courts have been strictly enforcing the 120 day statutory limit for original defendants who wish to serve apportionment complaints, it would be somewhat anamoulous not to similarly enforce the sixty day limit for plaintiffs who wish to "plead over" claims against apportionment defendants. The court is also somewhat influenced by the difficult line drawing "where does it all end?" aspect her approach would require. While the minimal pleadings exchange between defendants here consumed 8months, often we see significantly longer exchanges. Would not plaintiff's suggestion have us await subsequent motions to strike, motions to dismiss and for summary judgment? These questions are best held to be unnecessary to resolve.
Therefore, the court grants the apportionment defendant's motion to dismiss the plaintiff's claim against him.
NADEAU, J.