[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMOIZANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 123)
On April 16, 1998, the plaintiff, Nancy Burban, filed a complaint, bearing a return date of April 28, 1998, against the defendants, Hall Neighborhood House, Inc., Tymantha Sims, DeNorris Crosby, Jack Davis and Pearl Dowell. Subsequently, on August 12, 1998, the plaintiff filed a revised complaint. On November 18, 1998, the defendants filed a one-count apportionment complaint against Tameca Hawkins. The apportionment complaint incorporates the allegations of the plaintiff's revised complaint and alleges that Hawkins is proportionally liable for damages allegedly incurred by the plaintiff due to Hawkins' negligent, reckless and intentional acts in assaulting the plaintiff.
On February 9, 1999, Hawkins filed a motion to dismiss the apportionment complaint on the ground that the court lacks subject matter jurisdiction because the apportionment complaint was not timely served. The defendants filed a memorandum of law in opposition to the motion to dismiss on February 16, 1999.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) Johnson v. Department of Public Health,48 Conn. App. 102, 107, 710 A.2d 176 (1998). "The motion to CT Page 6345 dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.)Sadloski v. Manchester, 235 Conn. 637, 645 n. 13, 668 A.2d 1314
(1995). "Subject matter jurisdiction can be raised at any time. . . ." Sawmill Brook Racing Assn., Inc. v. Boston RealtyAdvisors, Inc., 39 Conn. App. 444, 448, 664 A.2d 819 (1995). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996).
Hawkins moves to dismiss the apportionment complaint for lack of subject matter jurisdiction. Hawkins argues that the court lacks subject matter jurisdiction because the apportionment complaint was not served within 120 days of the return date specified in the plaintiff's original complaint, as required by General Statutes § 52-102b (a).
The defendants contend that the time limitation set forth in General Statutes § 52-102b (a) is inapplicable because the apportionment complaint sounds not only in negligent conduct, but also in reckless and intentional conduct. Relying on Bhinder v.Sun Co., Inc., 246 Conn. 223, 231, 717 A.2d 202 (1998), the defendants argue that an apportionment complaint may properly be brought against an intentional tortfeasor in the context of a negligence action pursuant to the common law of Connecticut.
General Statutes § 52-102b (a)[1] provides the procedural vehicle by which a defendant in a negligence action may cite in a party for apportionment of liability purposes, provided that General Statutes § 52-572h applies. General Statutes 52-572h
provides for the liability of multiple tortfeasors for damages in negligence actions. "Section 52-102b sets forth its exclusive application for apportionment purposes and restricts its applicability to claims under § 52-572h." Paul v. McPhee ElectricalContractorsr, 46 Conn. App. 18, 22, 698 A.2d 354 (1997). "Thus, [§ 52-102b] unambiguously provides that a defendant may implead apportionment defendants under § 52-102b only if they are liable on a negligence basis pursuant to § 52 572h." Id., 21.
In Bhinder v. Sun Co., Inc., the apportionment complaint alleged that the conduct of the person sought to be added was reckless, wilful and wanton. Bhinder v. Sun Co., Inc., supra, CT Page 6346246 Conn. 231. The Bhinder court held that the third party could not be added for purposes of apportionment pursuant to General Statutes § 52-102b because he could not be held liable pursuant to § 52-572h. Id. "By its own terms, the comparative negligence statute [§ 52-572h] applies only to causes of action based on negligence." (Internal quotation marks omitted.) Id. The court went on to determine, however, that under Connecticut common law, "[i]t is consistent with the principles of apportionment to permit the allocation of fault in a negligence action between a negligent and an intentional tortfeasor." Id., 243.
Here, the apportionment complaint alleges that Hawkins' conduct was negligent, reckless and/or intentional and seeks apportionment under General Statutes § 52-572h and the common law. The Bhinder court extended the policy of apportionment to permit a defendant in a negligence action to cite in as an apportionment defendant a party whose conduct is alleged to be reckless, wilful and wanton. Id., 234-35. The court in Bhinder concluded that permitting apportionment "would effectuate the principle underlying the comparative negligence statute of equitable apportionment among responsible tortfeasors." Id., 242. "Where possible, courts should, as a matter of common law adjudication, assure that the body of the law — both common and statutory — remains coherent and consistent." (Internal quotation marks omitted.") Id., 242-43. "To effectuate consistency between §52-572h and the common law, we engraft the provisions of § 52-572h
to common-law apportionment between a negligent and an intentional tortfeasor." Id., 240 n. 12.
Thus, the common law provides a mechanism to cite in Hawkins as an intentional tortfeasor. Accordingly, it was not necessary for the defendants to serve Hawkins within the 120 day time limit under General Statutes § 52-102b (a)[2] in order to provide the court with subject matter jurisdiction over the claims of reckless or intentional conduct.[3]
With regard to the negligence claim asserted in the apportionment complaint, it must be determined whether the 120 day time limit under § 52-102b is mandatory. Although there is a split of authority within the Superior Court, this court finds that the failure to serve Hawkins within 120 days of the return date of the plaintiff's original complaint deprives the court of subject matter jurisdiction over the negligence claim.
"As a statutorily enacted period of limitation, the one CT Page 6347 hundred twenty day period from the filing of the original complaint for filing the apportionment complaint has been strictly applied." Bodell v. Schmidt, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 351664 (February 10, 1999, Skonick, J.) (5 Conn. Ops. 263, 263); see also cases cited therein. "Pursuant to Public Acts 95-111 [now codified at General Statutes 52-102b], the defendant's failure to serve a copy of the apportionment complaint on the [apportionment defendant] within 120 days of the return date specified in the plaintiff's original complaint is a ground for dismissal. [General Statutes § 52-102b] expressly provides that it is the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h of the General Statutes for a proportionate share of the plaintiff's damages as a party to the action." (Internal quotation marks omitted.) Witkin v.Schettino, Superior Court, judicial district of Stamford, Docket No. 149015 (April 1, 1997, D'Andrea, J.) (19 Conn. L. Rptr. 226,227)
This court finds this reasoning persuasive and declines to follow the one court holding to the contrary. See McDuff v.Tamborlane, Superior Court, judicial district of New London, Docket No. 540767 (Jun. 23, 1998, Martin, J.) (22 Conn. L. Rptr. 364, 365) (court lacks jurisdiction over an apportionment complaint not served within 120 days of return date of original complaint); Stroud v. Pfeffer, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324804 (April 6, 1996, Ballen, J.) (16 Conn. L. Rptr. 403, 404) (granting motion to dismiss apportionment complaint for failure to serve within 120 days); cf. Verner v. Lovallo, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 161204 (October 13, 1998, D'Andrea, J.) (dismissing plaintiff's claim against apportionment defendant for failure to serve within 60 day limit of General Statutes § 52-102b (d)); Winiarski v. Hall, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 566277 (December 19, 1997, Wagner, J.) (striking apportionment claim for failure to serve within 120 days); Hillv. Pathmark Stores Inc., Superior Court, judicial district of Waterbury, Docket No. 129120 (February 11, 1997, Gill, J.) (same). But see Ketchale v. Unger, Superior Court, judicial district of New Haven, Docket No. 396218 (July 14, 1998, Levin, J.) (22 Conn. L. Rptr. 418) (holding that the 120 day period is neither jurisdictional nor mandatory).
Based on the foregoing reasons, the motion to dismiss is CT Page 6348 granted as to the defendants' negligence claim. The motion to dismiss is denied as to the defendants' claims based on reckless and intentional conduct.
SKOLNICK, J.