[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO STRIKE (#121)
Presently before the court is the plaintiffs motion to strike the defendant's apportionment complaint. On November 7, 1997, the plaintiff, Edward Fortier (Fortier), filed a one-count complaint sounding in negligence against the defendant, Thomas Casey (Casey).
The relevant facts are as follows:
On the morning of April 22, 1996, Fortier allegedly injured his right foot as he stepped into a rotted hole in the floor of the back porch that leads to his parents' apartment. Fortier suffered a fractured right ankle and other associated injuries. Fortier alleges that Casey owned and was responsible for the exterior maintenance of the premises and that his injuries were caused by Casey's failure to maintain the said premises in a reasonably good manner.
On July 8, 1999, Casey filed a four-count apportionment complaint against Eva Fortier.[1] Casey alleges in the apportionment complaint that Fortier's injuries were caused, either wholly or in part, by the reckless and wanton or intentional actions of Eva Fortier. Casey seeks apportionment, contribution and indemnification from Eva Fortier.
On July 2, 1999, Fortier filed a motion to strike the apportionment complaint, which is presently before the court. Fortier moves to strike the apportionment complaint on the ground that it fails to comply with the requirements of General Statutes § 52-102b.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to CT Page 13280 state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael. Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998); Practice Book § 10-39. A motion to dismiss, on the other hand, challenges the court's jurisdiction to hear a case. ConceptAssociates, Ltd. v. Board of Tax Review, 229 Conn. 618, 625,642 A.2d 1186 (1994); Practice Book § 10-30. Where a party moves to strike on jurisdictional grounds, as in this case, the court will treat the motion to strike as a motion to dismiss.[2]McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 527,590 A.2d 438 (1991); Crozier v. Zaboori, 14 Conn. App. 457, 460,541 A.2d 531 (1988).
Fortier moves to strike the apportionment complaint on the ground that it was not served within 120 days from the return date of the original complaint as required by General Statutes § 52-102b (a). Casey does not dispute the fact that the apportionment complaint was served beyond the provided for limitations period. Casey argues, however, that the court should treat the limitations period as "merely procedural and arbitrary and not mandatory or jurisdictional." For the foregoing reasons, the motion to strike — treated as a motion to dismiss — is hereby granted.
General Statutes § 52-102b (a) provides in relevant part: "A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiffs damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint, hereinafter called the apportionment complaint, shall be served within one hundredtwenty days of the return date specified in the plaintiff'soriginal complaint." (Emphasis added.) Fortier's original complaint has a return date of December 2, 1997. Casey served the apportionment complaint upon Eva Fortier on July 1, 1999. Therefore, the apportionment complaint was served well beyond the limitations period specified in § 52-102b. See Burke v.Gibson Associates, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 412164 (May 12, 1999, Jones, J.) (dismissing an untimely apportionment complaint on the ground that the failure to comply with the time limitations of §52-102b deprives the court of subject matter jurisdiction).
The court declines Casey's invitation to treat the CT Page 13281 limitations period of § 52-102b as merely procedural and arbitrary. In line with the majority of Superior Courts, the court hereby dismisses the apportionment complaint on the ground that it was untimely served and, therefore, failed to comply with the jurisdictional requirements of § 52-102b. Burke v. GibsonAssociates, Inc., supra, Superior Court, Docket No. 412164;Becker v. Cody, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348815 (March 29, 1999, Nadeau, J.) (recognizing that the 120-day statutory period has been strictly construed by the majority of the courts); Bodell v. Schmidt,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 351664 (February 1, 1999, Skolnick, J.) (striking an apportionment complaint served 120 days after the return date of the original complaint); McDuff v. Tamborlane, Superior Court, judicial district of New London at New London, Docket No. 540767 (January 6, 1998, Martin, J.) (dismissing an apportionment complaint served 135 days after the return date of the original complaint); Winiarski v. Hall, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 566277 (December 19, 1997, Wagner, J.) (21 Conn. L. Rptr. 514) (striking an apportionment complaint filed seven days after the statutory period); Witkin v. Schettino, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149015 (April 1, 1997, D'Andrea, J.) (19 Conn. L. Rptr. 226) (dismissing the apportionment complaint as untimely); Hill v. Pathmark StoresInc., Superior Court, judicial district of Waterbury, Docket No. 129120 (February 11, 1997, Gill, J.) (19 Conn. L. Rptr. 108) (striking the apportionment count in the third party complaint for failure to comply with the time limitations of §52-102b); St. Paul Fire Marine Insurance Co. v. GeneseeManagement, Inc., Superior Court, judicial district of Danbury, Docket No. 322290 (June 4, 1996, Leheny, J.) (denying a motion to implead pursuant to § 52-102b that was filed beyond the 120-day period); Stroud v. Pfeffer, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324804 (April 1, 1996,Ballen, J.) (16 Conn. L. Rptr. 403) (dismissing the apportionment complaint as untimely); but see Ketchale v. Unger, Superior Court, judicial district of New Haven at New Haven, Docket No. 396218 (July 15, 1998, Levin, J.) (22 Conn. L. Rptr. 418) (holding that the 120-day period is neither jurisdictional or mandatory).
WILLIAM L. WOLLENBERG SUPERIOR COURT JUDGE CT Page 13282