[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (No. 184)
The plaintiff in this negligence case has asserted a claim against an apportionment defendant outside of the time frame specified by Conn. Gen. Stat. § 52-102b. The apportionment defendant's motion for summary judgment must consequently be granted.
The relevant dates can be summarized as follows:
1. The date of the accident in question is August 10, 1995.
2. The plaintiffs commenced this action by service of process on the original defendants on August 8, 1997. The return date of the original complaint is September 16, 1997.
3. On January 28, 1998, two of the original defendants, SECO American Wrecking and I.D.M. Environmental, Inc. filed a Motion to Implead Michael Schiavone Sons, Inc. ("Schiavone"). The Motion was granted by Licari, J. Schiavone was served on February 23, 1998.
4. On July 1, 1998, Schiavone served an apportionment complaint on Albert Bros., Inc. ("Albert Bros."). The return date of the apportionment complaint is July 21, 1998.
5. On September 15, 1998, the original plaintiffs filed an amended complaint (no. 139), directly asserting a negligence claim against Albert Bros.
6. On May 18, 1999, Albert Bros. filed the Motion for Summary Judgment now before the court. The motion was argued on November 15, 1999.
With this sequence in mind, two different provisions of Conn. Gen. Stat. § 52-102b must now be described. Sec. 52-102b(a) requires that any apportionment complaint "shall be served within one hundred twenty days of the return date specified in the CT Page 15344 plaintiffs original complaint." Sec. 52-102b(d) provides that, "Notwithstanding any applicable statute of limitation or repose, the plaintiff may, within sixty days of the return date of the apportionment complaint served pursuant to subsection (a) of this section, assert any claim against the apportionment defendant arising out of the transaction or occurrence that is the subject matter of the original complaint."
The applicable statute of limitation or repose is Conn. Gen. Stat. § 52-584. The period of repose set forth in that provision is three years. It is evident that, since the plaintiffs' claim against Albert Bros. was asserted more than three years after the accident in question, that claim can be saved, if at all, only by the provisions of Conn. Gen. Stat. § 52-102b described above.
The plaintiffs' claim against Albert Bros. was asserted within sixty days of the return date of the apportionment complaint. See Conn. Gen. Stat. § 52-102b(d). The question is whether the apportionment complaint was timely "served pursuant to subsection (a)." Id. The facts, recounted above, establish that the apportionment complaint was not timely served. Conn. Gen. Stat. § 52-102b(a), as mentioned, requires that the apportionment complaint "shall be served within one hundred twenty days of the return date specified in the plaintiffs original complaint." This provision plainly refers to the original complaint filed by the first party plaintiff. (Subsection (a) expressly refers to the party filing the apportionment complaint as the "defendant.") As described above, the return date specified in the plaintiffs' original complaint in this case is September 16, 1997. The apportionment complaint was served on July 1, 1998. The service of the apportionment complaint was well past the 120 day deadline.
The 120 day time limitation in Conn. Gen. Stat. § 52-102b(a) is mandatory rather than directory. See Fortier v. Casey,25 Conn. L. Rptr. 307 (1999); Becker v. Cody, 24 Conn. L. Rptr. 323
(1999), and authorities cited therein. With respect, Ketchale v.Unger, 22 Conn. L. Rptr. 418 (1998), which holds to the contrary, is unpersuasive. The crucial consideration, at least in the context of the present case, is that Conn. Gen. Stat. §52-102b(a) (d) sets forth a statute of limitation for bringing new parties into the case. This is quite different from time periods controlling actions between persons who are already parties in the case. Statutes of limitation, by their very nature, set forth arbitrary — and, in the ususal case, inflexible CT Page 15345 — deadlines for subjecting persons to litigation. Such statutes are inherently mandatory rather than directory.
Because the time limits set forth in Conn. Gen. Stat. §52-102b are mandatory and because they were not complied with here, Albert Bros.' motion for summary judgment must be granted.
Jon C. Blue Judge of the Superior Court