[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff commenced a negligence action against the defendant hospital that was returnable to the court on July 21, 1998. The hospital filed an apportionment complaint with a return date of December 22, 1998, against the defendant Aramark Health Care Support Services alleging Aramark was responsible for maintenance of the area where the plaintiff slipped and fell. The apportionment complaint was not returned to court until January 25, 1999. On August 11 of that year, Judge Martin dismissed the apportionment complaint for lack of jurisdiction due to insufficiency of process. There was a failure to comply with §§ 52-46 (a) and 52-48 (b) of the General Statutes.
On September 3, 1999, the hospital repleaded the apportionment count in a new third party complaint which included an indemnification and breach of contract count against Aramark.
Aramark has now filed a motion to dismiss the hospital's third party complaint and prayer for relief on the grounds of insufficiency of process, specifically, because the hospital failed to comply with § 52-102b of the General Statutes by not serving its apportionment complaint within 120 days of the return date specified in the original complaint of the plaintiff. In its brief, Aramark also argues that the indemnification and breach of contract counts should be dismissed because the defendant hospital did not secure the court's permission to file a third party complaint (see Practice Book § 10-11, §52-102A of General Statutes).
The defendant hospital objects to the motion. First, it is argued that Count One of the complaint, the apportionment complaint, is brought pursuant to § 52-592 (the so-called accidental failure of suit statute), and is therefore timely. Second, it is alleged the argument being raised by Aramark is based on the statute of limitations and should be asserted by a special defense rather than a motion to dismiss. Third, the CT Page 2604 second count (indemnification) and third count (breach of contract) do not sound in apportionment and therefore the time limitations of § 52-102b do not apply.
 I.
The great majority of Superior Court cases that have considered the matter have concluded that a court lacks jurisdiction over an apportionment claim not served within 120 days of the return date of the original complaint, see McDuff v. Tamborlane, 22 Conn. L Rptr. 364, 365 (1998); Stroud v. Pfeffer, 16 Conn. L. Rptr. 403, 404 (1996); Burban v. Hall Neighborhood House. Inc.,24 Conn. L. Rptr. 452 (1999); Langella v. G-W2 of Stamford, (J.D. of Stamford/Norwalk, No. 14889 (1999)) (apportionment claim dismissed by court sua sponte); Morin v. Cook,24 Conn. L. Rptr. 121
(1999); Rabdishta v. Colon, (J.D. of Waterbury, No. 140499 (1999)); Witkin v. Schettino, 19 CLR 226 (1997). Only one court,Ketchale v. Unger, (J.D. of New Haven No. 396218 (1998)), takes a contrary view and holds that the 120 day time period is neither jurisdictional or mandatory.
The general rule has always been that where a statute gives a right of action which did not exist at common law and fixes or sets the time limit within which the right must be enforced, the time fixed is a limitation or condition attached to the right. Thus, it is a substantive and jurisdictional matter that cannot be waived, cf. DeMartino v. Siemon, 90 Conn. 527, 528 (1916);Milford Education Assn. v. Bd. of Education, 167 Conn. 509, 513
(1975); Moore v. McNamara, 201 Conn. 16, 22 (1986); Ecker v. WestHartford, 205 Conn. 219, 231 (1987). At common law, contribution between joint tortfeasors did not exist. Section 52-102b provides the mechanism by which apportionment claims are brought into court and it contains a specific time frame within which such a claim can be asserted. Most of the cases holding the 120 day period in § 52-102b is jurisdictional rely on this general rule in granting motions to dismiss based on failure of an apportionment complaint to comply with this provision. Ketchale
says this rule does not apply to a statute containing time requirements for a cause of action which, while not existing at common law, was statutorily created years earlier. Ketchale then goes on to analyze the wording of the statute. It comments that the word "shall" is used relative to the 120 day time period but then states the language is only directory because no statutory language expressly invalidates an apportionment complaint brought beyond the 120 day period; the requirement "is stated in CT Page 2605 affirmative terms unaccompanied by negative words." Elsewhere the legislature did employ negative words, see subsection (c) of § 52-102b. Ketchale notes subsection (b) provides that if an apportionment complaint is filed within 120 days no statute of limitation shall be a defense or bar to the claim. Ketchale
argues, ergo, if such a complaint is not served within the 120 day period the statute of limitations defense shall be a defense or bar to an apportionment claim; this "strongly suggests" that the 120 day period is not mandatory and not jurisdictional.
What is this reference to abstract rules and methods of linguistic analysis all about? What they are about is interpreting legislative purpose and intent.
The passage of § 52-102b was necessitated by two problems that arose in the administering of the remedies that were provided for in § 52-572 (h). One problem was that defendants could file their apportionment claims shortly before trial and this was considered very unfair to plaintiffs. Another problem was that plaintiffs fortuitously or by design would not file their action until shortly before the running of limitation statutes. This raised the problem that a defendant might have in advancing an apportionment claim against a third party because that party could not be served in time to avoid a limitations defense. The 120 day rule was a way of addressing both these problems. It would be odd to argue, as Ketchale appears to do, that the language concerning limitation statutes not being a bar, if the apportionment complaint is served in 120 days, somehow indicates the 120 day period is not jurisdictional, i.e. if the 120 day requirement is not met a limitation statute would still be a defense, but the underlying apportionment action is implicitly viable. That reading ignores the first and perhaps primary purpose of this statute which was to prevent these complaints coming in just before trial. Both legislative purposes can be accomplished if the 120 day time requirement is strictly enforced and that is what the legislature intended when in subsection (f) of § 52-102b it said the statute would be "the exclusive means by which a defendant may add a person who is or may be liable pursuant to § 52-572 (h)."
To accomplish the legislative purposes the 120 day time limit of § 52-102b has to be regarded as "jurisdictional." That is a conclusory and fancy word for saying it has to be strictly enforced if the purpose of the legislature is to be accomplished. CT Page 2606
The difficult problem, at least for the court, is the applicability in this situation of § 52-592 of the General Statutes. Numerous cases have held that the statute must be liberally interpreted. "It was passed to avoid hardships arising from an unbending enforcement of limitations statutes," Dirton v.McCarthy, 22 Conn. Sup. 205, 207 (1960). The statute has been held to apply to situations where the writ, summons and complaint were not returned to court in a timely fashion. Broderick v.Jackman, 167 Conn. 96, 99 (1974). It might be argued that an apportionment case is not an "action" under § 52-592 which only applies if "an action" commenced within the appropriate time limits fails to be tried on its merits for a variety of reasons thereafter stated; see Carbone v. Zoning Board of Appeals ofHartford, 126 Conn. 602, 604 et seq (1940), which defines "action" for purposes of § 52-592, cf. Capers v. Lee,239 Conn. 265, 270 (1996). This would be a difficult argument to make especially in light of subsection (b) of § 52-102b which states that "the apportionment complaint shall be the equivalent in all respects to an original writ summons and complaint." It could be said, from a purely linguistic point of view, that if that does not define an apportionment suit as an "action" for § 52-592 purposes, one wonders what language would do so.
Nor can the applicability of § 52-592 be questioned on the basis that the time limitation in § 52-102b is "jurisdictional" because the limitation is contained in the statute itself and therefore § 52-592 should not apply. InKorb v. Bridgeport Gas Light Co., 91 Conn. 397 (1917) suit was brought to recover for injuries to the plaintiffs interstate. Such an action was unknown at common law and under the statute had to be brought within one year of the negligent act complained of. The defendant demurred to the action which was brought, under the equivalent of § 52-592, beyond one year of the neglect complained of "although within one year from the determination by a judgment of nonsuit of a former action for the same cause begun within one year of the neglect," id. p. 396. The court held that the saving statute applied because it was general and comprehensive and served to obviate the running of limitations statutes, but also limitations of time inherent in a cause of action because placed in a statute by the legislature creating the cause of action, id. pp. 401-402. Case cited with approval inCarbone v. Zoning Board, supra at 126 Conn. p. 606, and also inLaCasse v. Burns, 214 Conn. 464, 470 (1990).
In this case, the defendant hospital would argue that the CT Page 2607 original apportionment action was brought within the 120 day period of § 52-102b, the original suit failed for failure to return process in a timely manner, § 52-592 applies in such a situation and Korb v. Bridgeport Gas Light, supra, makes it clear that the operation of the statute in such a situation is not affected by the fact that the time limitation for bringing the action is contained in the statute itself.
The problem with this argument is that it ignores the legislative purpose behind § 52-102b. Presumably, when the legislature passes statutes such as the latter, it is aware of other statutory provisions. The chief purpose of § 52-102b
was to obviate the unfairness to the plaintiff of permitting the defendant to file an apportionment claim on the eve of trial. This could be a real problem in some judicial districts where the time between final pretrial and actual trial is not a long one. One hundred and twenty days from the return date in the plaintiffs original complaint is the time period the legislature chose to allow the defendant to file the apportionment complaint. This was thought to be fair to the defendant while protecting the plaintiff from last minute surprises.
To allow § 52-592 to be applied in a situation such as this would effectively destroy the legislative purpose behind §52-102b since under § 52-592 it is provided that if any action has failed to be tried on its merits for any of the reasons stated, a new action may be commenced "within one year
after the determination of the original action or after the reversal of the judgment," see subsection (a) of § 52-592
(emphasis added). This would skewer and defeat the whole purpose of the 120 day period in § 52-102b. The provisions of §52-592, liberal in purpose though that statute may be, cannot be held to apply in the § 52-102b context unless the earlier statute is held to have an unintended veto effect despite the legislative purposes which motivated the later legislation. A linguistic "wrapping up the loose ends" analysis could lead one to say that because of the foregoing discussion an apportionment suit is not an "action" for § 52-592 purposes. In any event, the court will grant the motion to dismiss the apportionment count which is Count One of the complaint.
 II.
Aramark seeks to have the court also dismiss the indemnification and breach of contract counts contained in the CT Page 2608 same apportionment complaint. It cites Practice Book § 10-11
and § 52-102 (a) which provide that a defendant may implead third parties upon moving the court for permission and permission may be granted if the court, in its discretion, deems that granting of the motion will not unduly delay the trial or work an injustice on the plaintiff or party sought to be impleaded. In this case, the defendant did not seek the court's permission.
However, it is interesting to note that Aramark did not raise this argument in the actual motion to dismiss; it was only advanced in the brief and at oral argument. The requirements of formality cut both ways and this would be a grounds to deny the request to dismiss or strike these counts.
But this file is already stockpiled with motions. If the court denies the request to strike the indemnification and breach of contract counts on formal grounds surely a new motion raising the above argument will be filed by Aramark. If the court grants that motion for failure to secure the court's permission to implead by the hospital, surely the hospital will have to file a motion requesting the court's permission to implead Aramark and if permission is granted the defendant hospital will have to file a new third party complaint setting forth the same counts. All of this seems to be a waste of time and paper. The defendant hospital should have secured the court's permission to implead Aramark; it did not. But the court will not grant the request to dismiss these counts as the motion itself made no reference to them. If Aramark wishes to have the indemnification and breach of contract counts stricken, it should file a new separate motion to that effect wherein it lists specifically how it will be prejudiced by the fact that an impleader action has been filed without the hospital securing the court's permission to do so or how it will delay the trial. To save everyone time, the court informs counsel it will not grant any such motion unless these two factors are established to its satisfaction. Failure, by Aramark, to file such a motion within 14 days will be taken by the court as recognition by Aramark that no such prejudice or delay in the trial can be shown. The court will not regard as "prejudice" the mere failure to secure its permission to file the third party complaint.
Corradino, J. CT Page 2609