[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPORTIONMENT DEFENDANT'S MOTION TO STRIKE
 FACTS
The following facts and procedural history are relevant to the Court's decision.
The plaintiff, Christopher Martone, filed a four count complaint sounding in negligence against the defendants, C. Raimondo Sons Construction Company, Inc., GGP/Homart, Inc., Shaw's Supermarkets, Inc. and McClinch Equipment Corporation on May 11, 2000. The complaint bears a return date of May 16, 2000. On June 27, 2000, the plaintiff filed a revised complaint, adding a fifth and sixth count against United Rentals, Inc. and Precision Mechanical (Precision). The revised complaint bears a return date of August 1, 2000. The plaintiff alleges the following facts. On October 6, 1998, the plaintiff was injured while using a mechanical lift on the premises of Shaw's Supermarket at the Brass Mill Center in Waterbury, Connecticut. He alleges that as a result of an elevation change in the cement flooring of the premises, the lift and/or its controls failed to operate properly, causing the lift to topple and roll over, thereby injuring the plaintiff.
On December 11, 2000, Precision filed a one count apportionment complaint pursuant to General Statutes § 52-102b (a)[1], alleging that the plaintiff's injuries were caused by the negligence and carelessness of the apportionment defendant, Waterbury Concrete Foundations, Inc. (Waterbury Concrete).
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270, CT Page 12412709 A.2d 558 (1998). Generally, "[a] claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Forbes v. Ballaro,31 Conn. App. 235, 239, 624 A.2d 389 (1993); see also Practice Book § 10-50.
"In two limited situations, however, [the court] will allow the use of a motion to strike to raise the defense of the statute of limitations. The first is when [t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to Strike] instead of by answer. . . . The second is where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right-it is a limitation of the liability itself as created, and not of the remedy alone." (Citations omitted; internal, quotation marks omitted.) Forbesv. Ballaro, supra, 31 Conn. App. 239-40. A claim brought pursuant to General Statutes § 52 102b is within the second exception. Jones v.Chapel Square Mall of New Haven, Inc., judicial district of New Haven at New Haven, Docket No. 423606 (February 1, 2000, Alander, J.)
Waterbury Concrete argues that its motion to strike Precision's apportionment complaint should be granted because Precision failed to file the complaint within 120 day statute of limitations required under General Statutes § 52-102b (a). Precision counters that Waterbury Concrete's motion to strike should be denied because the judges of the Superior Court differ on the meaning of "original complaint". It asserts that the court should consider the plaintiff's revised complaint as the original complaint because it was with this complaint that Precision was first named as a defendant in this action. Precision also argues that the 120 day limit is directory not mandatory.
In the majority of Superior Court cases that have addressed this issue, the court has determined that the 120 day limitations period in § 52-102b (a) is jurisdictional and mandatory and have "concluded that a court lacks jurisdiction over an apportionment claim not served 120 days of the return date of the original complaint." Perazelli v. TilconConnecticut, Inc., Superior court, judicial district of Waterbury, Docket No. 154903 (November 6, 2000, Rogers, J.); see also Ortiz v. BridgeportHospital, Superior Court, judicial district of New London at New London, Docket No. 547104 (February 24, 2000, Corradino, J.); Burban v. HallNeighborhood House, Inc., Superior Court, judicial District of Fairfield at Bridgeport, Docket No. 352398 (May 5, 1999, Skolnick, J.) (24 Conn. L. Rptr. 452)Tricon International Ltd. v. United Construction, Inc., CT Page 12413 Superior Court, judicial district of Waterbury, Docket No. 153502 (November 28, 2000, McWeeny, J.) (28 Conn.L.Rptr. 724). In the minority of cases, the courts have held that the 120 day limitation in §52-102b (a) is not mandatory, but directory. See Ketchale v. Unger, Superior Court, judicial district of New Haven at New Haven, Docket No. 396218 (July 15, 1998, Levin, J.) (22 Conn.L.Rptr. 418); Vaillant v.City of Norwalk, Superior Court, judicial district of Stamford, Docket No. 150977 (August 14, 2000, Karazin, J.) (27 Conn.L.Rptr. 668).
The return date of the plaintiff's original complaint is May 16, 2000, and the return date on the revised complaint is August 1, 2000. The certificate of service attached to the apportionment complaint is dated December 8, 2000. Thus, Precision served the apportionment complaint beyond the 120 day statute of limitations, regardless of which return date is applicable. Therefore, Waterbury Concrete's motion to strike Precision's apportionment complaint is granted.
 I.
Waterbury Concrete also asserts that its motion to strike count six of the plaintiff's complaint should be granted because the plaintiff has failed to file his complaint against Waterbury Concrete within the two year statute of limitations set forth by General Statutes §52-584.[2] Furthermore, Waterbury Concrete argues that the plaintiff cannot resort to General Statutes § 52-102b (d)[3] to avoid the statute of limitations because Precision's apportionment complaint is invalid.
"[T]he viability of a complaint under § 52-102b (d) is dependent upon the validity of the apportionment complaint under § 52-102b (a). Subsection 52-102b (d) only creates an exception to the statute of limitations for claims against an apportionment defendant who may share responsibility for the plaintiff's alleged injury and thereby reduce the original defendant's liability to the plaintiff. Where no sharing of responsibility can legally occur to limit the plaintiff's right to compensation from the original defendant, the purpose for allowing an exception to the effect of the statute of limitations evaporates."Currier v. Fieldstone Village Condominium Assn., Inc., Superior Court, judicial district of Tolland at Rockville, Docket No. 069258 (September 13, 2000, Sferrazza, J.) (28 Conn.L.Rptr. 90); see also Nemecek v.Ashford, Superior Court, Complex Litigation Docket at Tolland, Docket No. 070811 (June 1, 2000, Bishop, J.) (27 Conn.L.Rptr. 312). "If [a] party [is] not legally cognizable as an apportionment defendant. . . . § 52-102b (d) is inapplicable." Currier v. Fieldstone VillageCondominium Assn., Inc., supra, Superior Court, Docket No. 069258. CT Page 12414
Accordingly, § 52-102b (d) does not apply and the plaintiff was required to bring an action against Waterbury Concrete within the two year statute of limitations set forth in § 52-584.
 Conclusion
The plaintiff alleges in his complaint that he sustained injuries on October 6, 1998. The plaintiff did not file the complaint against Waterbury Concrete until January 24, 2001, well beyond the two year statute of limitations period. The motion to strike Precision's apportionment complaint is granted.
Waterbury Concrete's motion to strike count six of the plaintiff's complaint is granted.
HOLDEN, J.